*M. C. Few,* for plaintiff.

---

### BLACKMON *v.* TAYLOR.

ATKINSON, J. 1. A deed purported to convey "that tract or parcel of land known and described as lot number one in the ninth district of said county [Muscogee], containing two hundred and one acres, more or less. The north half of lot number two in the 9th district, containing one hundred and two and one half acres, more or less, same being all of lot number two except one hundred acres conveyed to Thomas Huff by the grantor herein. Said deed recorded in Book 'II,' folio 18, in the clerk's office Muscogee county records. Also ninety-six and one half acres off fractional lots number fifteen and sixteen, being in the eighteenth district of said county; being in all about four hundred acres, more or less." It also contained a clause of general warranty of title. A suit was subsequently instituted by the grantee against the grantor, setting forth the deed and alleging, in substance, that the land therein mentioned was sold to the plaintiff as a "certain tract or parcel of land," and that about the same date another tract or parcel of land, containing 301 acres, more or less, was sold to another person, and the defendant represented that the two tracts constituted "one farm" of about 700 acres; that subsequently a division of the 700 acres was had between the respective grantees (the same not having been previously surveyed), and upon a survey of the 400 acres, more or less, so sold to petitioner, it was ascertained to contain 250 acres. It was further alleged that the plaintiff paid for the land $6.23 per acre, his actual loss being $934.50, and that the grantor warranted the title to the property under his hand and seal. Upon ascertaining the deficiency he immediately notified the grantor and demanded the sum above mentioned for his damages, which was refused. Judgment was prayed for the recovery of that amount. The petition was dismissed on general demurrer. *Held,* that the petition properly construed alleged a sale by the tract, and the action was

for a recovery of damages on account of a deficiency in the quantity of the land; and under the ruling in the case of *Montgomery* v. *Robertson*, 134 *Ga.* 66 (67 S. E. 431), and authorities cited, there was no allegation of actual fraud perpetrated by the grantor, and no sufficient case alleged to authorize a recovery. *Judgment affirmed. All the Justices concur.*
APRIL 13, 1911.

Complaint—demurrer. Before Judge Gilbert. Muscogee superior court. February 1, 1910.

*Carson & McCutchen,* for plaintiff.

*T. T. Miller,* for defendant.

