## BRAY et al. v. PEACE, administrator.

1. In a suit against an individual it was not erroneous for the judge to refuse to entertain a plea offered by a firm of which the individual was a member, where neither the firm nor the other member thereof was declared against or otherwise appropriately made a party to the suit.

2. If it appears on the face of the petition that the suit is brought against an individual for the debt of a partnership of which he is a member, objection may be raised by demurrer. If it does not so appear, but the defendant claims that the suit against him as an individual is based upon a partnership liability, and that the other partner is a necessary party, the point should be raised by a plea in abatement.

3. Such a plea is a dilatory plea, and must be filed under oath at the first term of court. Civil Code, § 5058; *Merritt* v. *Bagwell,* 70 *Ga.* 578, 585.

4. Partners are each liable for the debts of the partnership; and if one be sued upon such a debt, and no objection for nonjoinder is duly raised by demurrer or plea, it furnishes to the defendant sued no defense to prove that he contracted the indebtedness on behalf of a firm of which he was a member, and that he has a partner who is not before the court. *Hirsch* v. *Oliver*, 91 *Ga.* 554 (4), (18 S. E. 354) ; 15 Enc. Pl. & Pr. 928.

5. In a suit for the price of personal property, where the petition alleged that the defendant had been the highest and best bidder at an administrator's sale, and had bought the property from the plaintiff at a certain price, and that it had been delivered to him, mere vague statements in the unsworn answer, to the effect that the defendant denied such allegations, but admitted that a partnership composed of himself and another had bought the property, and it had been delivered to them, were not sufficient to meet the requirements of the law as to a plea in abatement.

6. Under the rulings contained in the previous headnotes, a verdict against the defendant was inevitable, and, in the absence of a proper plea in abatement, there was no error in rejecting evidence, offered by the defendant, that the purchase was made by the defendant for his firm, or in directing a verdict for the plaintiff.

Argued May 20,—Decided December 1, 1908.

Complaint. Before Judge Worrill. Clayton superior court. August 27, 1907.

Peace, administrator, brought suit against J. J. Bray, to which an answer was filed by the defendant. The firm of J. J. Bray & Son, a firm composed of the defendant and another, also filed a plea, but the other partner did not become a party, nor ask to be made such. In this plea, by way of cross-action, the firm sought to recover a judgment against the plaintiff. On motion, such plea was stricken. After the plaintiff had made out his case, the defendant offered to testify that he bought the property for his firm, composed of himself and his son, and that this was known to the plaintiff. On objection this evidence was rejected, and a verdict was directed for the plaintiff. The defendant excepted.

*J. F. Golightly,* for plaintiffs in error.

*W. L. Watterson* and *Joseph W. & John D. Humphries,* contra.

ATKINSON, J. The headnotes sufficiently deal with the case; but it will not be out of place to consider the pleadings for the purpose of showing that the plea of the defendant to which reference was made in the fifth headnote was not a plea in abatement on account of non-joinder of parties. The suit was for the purchase-price of personal property sold at administrator's sale, which was alleged to have been bid in by the defendant, and for which

he refused to pay. The 4th paragraph of the petition was as follows: "Petitioner further says that at said sale one J. J. Bray, of this county, was the highest and best bidder for one hundred and eighty-six and three fifths (186 3/5) bushels of corn at the price of sixty-seven (67) cents per bushel; also of six hundred and thirty-five (635) pounds of hay at the price of fifty-one (51) cents per hundred; and that the same was knocked off to him at said price; which said corn and hay, at the price of his bid, amounted to the sum of one hundred and twenty-eight and twenty-six hundredths dollars ($128 26/100)." The 5th paragraph of the petition was as follows: "That, a few days after said sale, he, petitioner, delivered the said corn and hay to the said J. J. Bray, and, after the same was so delivered to him, petitioner demanded the money for the same, and the said J. J. Bray refused to pay for same; that the corn and hay were worth the price that he bid and was to pay; and he still fails and refuses to pay for the same." The answer to the 4th paragraph of the petition was as follows: "Defendant denies paragraph number 4 of the petition, except he admits that J. J. Bray and Son, a partnership composed of J. J. Bray and W. C. Bray, bought the property therein set out, but says he is not liable individually." The answer to the 5th paragraph was as follows: "Defendant denies paragraph number 5 of the petition, except he admits that the property was delivered to J. J. Bray & Son, and he admits that the property was worth the price bid for same." The answer was not verified. This comprises all of the different parts of the answer which could possibly be construed as a plea of non-joinder.

Under our present system of pleading the plaintiff is required to plainly, fully, and distinctly set out his cause of action in distinct and orderly paragraphs. Civil Code, §4961. The defendant is required to distinctly answer each paragraph of plaintiff's petition, and is not allowed to file a mere general denial. Civil Code, §5051. He may include in his answer different grounds of defense against the action, as, for instance, a denial that he owes the debt alleged by the plaintiff, and that it is barred by the statute of limitations, and that it has been paid; but each of such defenses must be distinctly made. Civil Code, §5052. Under a denial of the allegations of the plaintiff's petition, no other defense is admissible except such as disproves the plaintiff's action; all other

matters in satisfaction or avoidance must be specially pleaded. Civil Code, § 5053. The distinction between dilatory pleas and pleas to the merits has not been abolished by our pleading act of 1896, or by the uniform procedure act of 1887. Civil Code, § 5049. An answer to the plaintiff's petition, admitting or denying the paragraphs thereof, is pleading to the merits; nor is it otherwise because such an admission or denial may be qualified by some explanation or partial admission. It is still declared by our code that the defendant may either demur, plead, or answer to the petition, or may file one or more or all these defenses at once, without waiving the benefit of either; and that he may file two or more pleas to the same action. But it is declared that "in all cases demurrer, pleas, and answer shall be disposed of in the order named; and all demurrers and pleas shall be filed and determined at the first term, unless continued by the court, or by consent of parties." Civil Code, § 5047. And also that "no dilatory answer shall be received or admitted unless an affidavit shall be made to the truth thereof, and must be filed at the first term." Civil Code, § 5058. With the exception of pleas specially required to be sworn to, such as dilatory pleas and pleas of non est factum, generally pleas and answers are not required to be verified, except where the petition is verified by affidavit. Civil Code, § 5055. Construing these sections together, it is evident, in our opinion, that it is the intention of the law that dilatory pleas shall be expressly filed as such, at the first term of the court, under oath, and that they are to be tried and disposed of before the trial on the merits. To pick out from an unsworn answer clauses or fractions of a sentence, which taken alone are unintelligible, fragmentary, and incomplete, and which are inextricably mixed with admissions or denials of paragraphs of the plaintiff's petition, and to construe them as constituting a plea of non-joinder, would breed confusion, and we think is not proper. If it would be competent for the defendant to include a dilatory plea in his answer at all, certainly it should be distinctly and separately set up, so as to make an issue which could be separately submitted to the jury, and not merely incidentally be drawn from qualifications of an admission or denial of distinct allegations of facts in paragraphs of the plaintiff's petition.

In the case before us the plaintiff alleged, in the 4th paragraph

of his petition above quoted, that J. J. Bray was the highest and best bidder for 186 3/5 bushels of corn, at the price of 67 cents per bushel, and also of 635 pounds of hay at the price of 51 cents per hundred, and that it was knocked off to him at that price, amounting in the aggregate to $128.26. The 4th paragraph of the answer of defendant Bray, which responds to this paragraph in the plaintiff's petition, says that the defendant denies paragraph 4 of the petition, except that he admits that J. J. Bray & Son, a partnership composed of J. J. Bray and W. C. Bray, bought the property therein set out, but says that he is not liable individually. This denial traverses the allegation that Bray was the highest and best bidder. It also denies the allegation as to the price at which the property was bid off, as alleged in the petition. This is clearly pleading to the merits, and not merely setting up a dilatory plea. The denial is not confined to the fact that Bray was the purchaser, but includes the other allegations mentioned. The denial of these allegations of the plaintiff, distinctly made, can not by any sustainable construction be called a plea in abatement, or any part of a plea in abatement. What then is left of the 4th paragraph of the defendant's answer, as constituting such a dilatory plea? Not any distinct allegation of non-joinder, or even any separate paragraph, or complete assertion, which could be submitted as a separate issue to the jury; but a mere clause, forming part of a sentence and qualifying the denial contained in the first clause thereof. Certainly the court could not segregate the fragmentary expression, "except he admits that J. J. Bray & Son, a partnership composed of J. J. Bray and W. C. Bray, bought the property therein set out, but says that he is not liable individually," wrest it from its connection as a part of a sentence in an answer, and submit it to the jury as a separate plea. And with equal certainty it may be asserted that he could not take out of the answer an entire paragraph, which was responsive to allegations of a paragraph in the plaintiff's petition going directly to the merits of the case, and say that such paragraph as a whole was not a plea to the merits but only a plea in abatement. What has been said in relation to paragraph 4 of the answer also applies to paragraph 5. That paragraph denies, not only the delivery of the corn and hay to J. J. Bray, but also the demand upon him for payment, and the refusal thereof, which the plaintiff alleged. The

defendant distinctly says that he denies paragraph 5 of the petition, "except that he admits that the property was delivered to J. J. Bray & Son, and he admits that the property was worth the price bid for the same." As has been stated in regard to paragraph 4 of the answer, this clearly does not constitute a plea in abatement. To require a judge to search through an unsworn answer to discover words, not setting up any distinct dilatory plea, but forming parts of sentences and qualifications of admissions or denials of allegations in the plaintiff's petition touching the merits of the case, and out of them to construct and submit to the jury a distinct plea in abatement, would not, we think, be authorized by law.

Paragraph 3 of the plaintiff's petition alleged that an order was granted to him as administrator, by the ordinary of the county, to sell the perishable and personal property belonging to the estate, and that as such administrator he did dispose of and sell such property to the highest bidder, as the law directs, such sale being for cash on delivery of the goods. In response to this paragraph the defendant answered that for want of sufficient information he neither admitted nor denied it. This, under our law, placed upon the plaintiff the onus of proving such allegations. Civil Code, §4961. It could hardly be claimed that this could be called only a part of a plea in abatement. It has already been shown that paragraphs 4 and 5 of the answer denied material allegations of the petition. Thus, whether the allegations in the defendant's answer be taken as a whole, or disjointed excerpts be taken from the 4th and 5th paragraphs thereof, it can not be construed into a plea in abatement. The truth is, it is evident that counsel did not intend it as such, and the court did not so construe it. No request was made to submit any issue raised by a dilatory plea as such to the jury, either separately or in connection with the general trial. The case went to trial on its merits. It was not sought to have a mere judgment of abatement, which would permit the action to be again brought, but to have the claim of the plaintiff defeated altogether. It is quite apparent that the real contention of counsel for the defendant was, not that the suit should be abated for non-joinder, but that a general verdict should be rendered for the defendant, because he claimed that the liability was one incurred on behalf of a firm of which he was a member,

and not on behalf of himself as an individual. In fact such is the contention made in the briefs for the plaintiff in error before this court. The plaintiff did not contend that the suit must be abated because not brought both against him and his alleged co-partner, but that no judgment could be rendered against him individually at all, if it appeared that he contracted the debt on behalf of the partnership. The two things are entirely distinct. Non-joinder is a proper subject for plea in abatement filed under oath at the first term. If successful, the result is simply to abate the action then brought, but not to affect the right to bring another suit with proper parties. If no such plea is filed, and the defendant goes to trial upon the merits of the case, he is not entitled to a verdict wholly freeing him from payment merely because he may have a partner who may also be liable. A general verdict for the defendant on the trial of the merits of the case would operate as a bar to any other suit against him, based on the same cause of action. If the suit were brought again, such a verdict and the judgment entered thereon could be pleaded in bar. So that the contention made by the defendant would amount to saying, that, because two persons were liable as partners, one of them, when sued alone, without interposing a plea in abatement and having a trial thereon, could obtain a judgment on the merits forever freeing him from any liability at all. Such is not the law.

*Judgment affirmed. All the Justices concur.*