2814.  HOLLISTER BROTHERS *v.* BLUTHENTHAL & BICKART *et al.*

HILL, C. J.  1. Where a firm is sued on a partnership contract, and the individual members of the firm are designated and personally served, and will therefore be bound by the judgment against the firm, it is unnecessary to join with the partnership, as defendants, the individual members thereof as joint contractors, although to do so is not improper.

2. Paragraph 7 of the petition alleged facts pertinent and germane to the suit, and should not have been stricken.

3. Where the original petition sets forth a cause of action, it is error to refuse to allow an amendment which only amplifies the allegations. The amendment, being of this character, should have been allowed.

4. The evidence relied upon to prove the contract sued upon consisting of letters between the parties, each letter being a link in the chain which constituted the completed contract, it was error to exclude from evidence letters which related to the contract, illustrating the relationship of the parties to it, and tending to show that it was fully consummated.

5. Evidence that a letter was received by the plaintiffs from the defendants in due course of mail was a circumstance indicating that it came from the defendants; and, while this circumstance alone would not be sufficient to show its execution, proof that an exact copy of the letter was produced by the defendants under notice supplied any deficiency in the formal proof of execution, and made the letter admissible. An exact copy of what was claimed to be an original, coming from the possession of the defendants, produced under notice, furnished very strong evidence that the original was the handiwork of the defendants.

6. The letters constituting the correspondence between plaintiff and defendants prove a complete contract of guaranty as to all the items sued for, certainly binding upon Monroe L. Bickart, the member of the firm of Bluthenthal & Bickart who made the contract in the name of the firm.

7. The general rule is that one partner can not bind the partnership on a contract of guaranty or suretyship; the reason being that such contract is usually without the scope of the partnership business, and the partner who makes such a contract acts outside the scope of his implied authority as agent of the firm. A contract of this character, although executed in the name of the firm, is prima facie the individual contract of the partner who made it, and the burden of proof is upon the holder of the contract to show that it is in fact a firm transaction. This can be done by evidence that the contract was in fact within the scope of the partnership business, or that it was authorized by the other members of the firm, or that it was entered into in the name of the firm by the individual member with the knowledge of all the other members, or was subsequently ratified by them.  1 Brandt on Suretyship, §§ 27, 28; *Sibley* v. *American Exchange Bank*, 97 *Ga.* 126 (25 S. E. 470).

8. Where the time limit for performance, specified in a contract, has been extended by consent of the party for whose benefit it was made, or the latter's negligent conduct has caused the delay in performance, or where the contract has been recognized as still existing after the expiration of the stipulated time for performance, or where performance has been accepted after the expiration of the limit, the failure to comply with this

missing pgs.177-192