### 3816.   FLOWERS *v.* STRICKLAND.

The individual assets of a member of a partnership can not be subjected to a judgment against the partnership alone and not against the in-dividual partners.

DECIDED MARCH 6, 1912.

Affidavit of illegality; from city court of Reidsville—Judge Collins. September 4, 1911.

*F. Willis Dart,* for plaintiff in error.

RUSSELL, J. Flowers & Whilden brought suit in the city court of Tattnall county against W. L. Strickland, to recover the unpaid balance of the purchase-price on the alleged sale of a piano The petition was brought in the name of Flowers & Whilden, a partnership alleged to be "composed of —————— Flowers and E. B. Whilden." Strickland filed a plea of set-off, and upon the trial the jury sustained his contention and rendered a judgment in favor of the defendant, against the partnership of Flowers & Whilden. The judgment was rendered March 6, 1906. On December 30, 1910, the fi. fa. issued upon the above judgment was levied upon a lot in the city of Douglas, as the property of W. R. Flowers. He interposed an affidavit of illegality, containing two grounds: (1) that he had never been served with any process or other notice of the pendency of the suit whereupon said execution is based, nor did he waive service, nor did he appear in or defend said suit; and (2) that the execution is against Flowers & Whilden, and not against the deponent W. R. Flowers, and for that reason could not proceed against the individual property of the deponent, which is not subject to the execution.. It will be noted that there was no judgment taken against the individuals composing the firm of Flowers & Whilden; also that in the original petition filed by Flowers & Whilden the initials of Flowers are not given. The partnership is said to consist of "—————— Flowers and E. B. Whilden." It is needless to determine whether the defendant, when he filed his set-off, might have had the individual members of the plaintiff partnership served, and thus have bound them individually for any judgment rendered in his favor. It is a matter also of some interest to conjecture what might have been the effect if Flowers had been present participating in the trial, and in that event an individual judgment had been asked.

Regardless, however, of the first ground of the affidavit of illegality, we are clear that the court erred in striking the affidavit, because the second ground is meritorious. The name of W. R. Flowers does not appear anywhere in the proceedings introduced in evidence in the trial in the court below. To bind individual assets of a partner, the partner himself must be served and must have had

his day in court. The execution can not be made broader than the judgment, nor the judgment be broader than the original proceeding upon which it is based. For this reason we think the illegality should have been sustained. *Judgment reversed.*