### 4619.  FINCHER & WOMBLE v. HANSON.

1. Where one of two persons against whom a judgment was rendered made a motion to vacate it as to himself, upon the ground that he had never been served, nor waived service, and the motion was overruled, the correctness of this ruling was brought in question in the Court of Appeals by an assignment of error in the following language:  "To this ruling and judgment of the court so made, overruling said motion to strike said Fincher from said judgment, the defendant J. C. Fincher then and there objected and excepted, and now objects and excepts to said ruling and judgment of the court, and assigns said ruling of the court as error, on each and all the grounds in· said motion to ,strike contained."

2. An individual defendant can not be served by leaving a copy of the petition and process "at his office;" and an entry by the sheriff that this ·was done is no evidence of service.

3. A judgment finding that the complaining defendant had not been properly served, and had not waived service, was demanded; and the court erred in refusing to vacate the judgment as to this defendant.

4. No error of law was committed, and the evidence authorized the verdict in the plaintiff's favor.

DECIDED APRIL 16, 1913.

Action on contract; from city court of Ashburn—Judge Tipton. November 18, 1912.

*John B. Hutcheson, A. S. Bussey,* for plaintiffs in error.
*Haygood & Cutts, James H. Pate,* contra.

POTTLE, J.  Suit was brought in the county court of Worth county by Hanson against Fincher & Womble, a partnership alleged to be composed of J. C. Fincher and G. R. Womble.  There

was an entry of personal service as to Womble, and the following entry of service upon Fincher: "I have also served Fincher, the other defendant, with a true copy of the within original, by leaving the same at his office." An answer was filed which began thus: "And now come the defendants Fincher & Womble and make answer as follows;" then followed an answer by paragraphs, in which it was recited that the "defendants Fincher & Womble" admitted or denied the respective allegations in the petition. The answer concluded as follows: "Wherefore defendants, having fully answered, pray the court that they be discharged with their reasonable costs. W. A. Hawkins, J. A. Comer, defendants' attorneys." On the establishment of the city court of Sylvester the case was transferred to that court, and on the creation of Turner county the case was docketed in the city court of Ashburn. At the trial term an amendment to the answer was allowed. This amendment, after stating the case as "F. J. Hanson v. Fincher & Womble," begins: "And now comes the defendant in the above stated case;" and then follows the recital of certain special defenses. The amendment is signed, "John B. Hutcheson, defendant's attorney." On the trial the jury returned the following verdict: "We, the jury, find for the plaintiff $240, which includes interest. Jan. 16th, 1912." Upon the verdict the plaintiff signed up judgment against Fincher & Womble, as a partnership, and against the individuals composing the firm,—namely, J. C. Fincher and G. R. Womble.

Fincher filed a motion to vacate the judgment as to him, upon the ground that he had never been served and had never waived service, either by appearance and pleading or otherwise. Upon the hearing of this motion the plaintiff introduced in evidence a certain petition addressed to the city court of Sylvester. This petition purported to be in the name of Fincher and Womble, a partnership consisting of J. C. Fincher and G. R. Womble. It recited that F. J. Hanson had brought suit against the defendants in the county court of Worth county, and that a default judgment had been entered in the city court of Sylvester against the partnership and the individual partners, and prayed that the default judgment might be set aside, for reasons set forth in the petition. It does not affirmatively appear whether this judgment was ever set aside; but, assuming that this petition referred to the suit in which the judgment now complained of was rendered, it is necessarily to

39

be presumed that the default judgment was set aside. In the petition to set aside the default judgment it was recited that the original petition in the case had been duly served, and that "the defendants," by their attorney, J. A. Comer, duly filed their answer in court. Mr. Comer testified, that he was of counsel for "Fincher and Womble" when the case was pending in the city court of Sylvester; that he could not recall which one of the partners employed him, but that he conferred with both, and presumed that he was representing one as much as the other; that he did not remember whether Fincher was sworn on the trial or not, but thought that he was probably present in court and assisted in the trial of the case. This was all of the evidence before the trial judge; and, after hearing it, he declined to set aside the judgment as to Fincher

1. The assignment of error quoted in the first headnote is sufficiently specific to bring in question the correctness of the ruling complained of. The bill of exceptions specifies all the pleadings necessary for the consideration of the motion, sets out all the evidenc heard by the trial judge, and sets forth the judgment complained of, and then assigns error upon this judgment. The point is made that the assignment of error should have pointed out whether the movant complained of the judgment because there was no sufficient evidence to support it, or because it was erroneous as a matter of law. There is a line of decisions holding that where a case has been submitted to the presiding judge without the intervention of a jury either upon an agreed statement of facts or upon evidence offered by either or both parties, the assignment of error should point out whether the plaintiff in error intends to complain that the judgment was contrary to the evidence, or that it was erroneous for some other reason. Those decisions, however, are not controlling here, where a motion was made to vacate a judgment because the defendant had never had his day in court. This motion should have been denied if it appeared either that the defendant had been served or that he had waived service in any way  The plaintiff contended that even if the service was void, the defendant had appeared and pleaded. A general exception by the defendant to an adverse judgment brings in question the correctness of the judgment, and the decision of the question involves the point whether the service was legal, and, if not, whether the

defendant had appeared and pleaded. We are not disposed to be overtechnical in reference to a matter of this kind. If there is enough in the bill of exceptions to enable us to ascertain that a timely complaint is directed against a judgment or ruling, this court will determine as to the correctness of the decision, unless there is some binding precedent which requires us not to do so.

2. There are only two methods prescribed by the code for serving an ordinary process upon an individual defendant. One is personal service and the other is by leaving a copy at his "most notorious place of abode," in suits in a justice's court, and "at his residence," in cases in the superior and city courts. Civil Code, §§ 4717, 5563. The statutory method of service is exclusive, and such a defendant can not be served by leaving a copy "at his office" unless his office is also his most notorious place of abode, or residence. If, therefore, the validity of the judgment against Fincher in the present case had depended solely upon the sheriff's return of service, the judgment would have been void.

3. But it is contended that Fincher appeared and pleaded, and thereby waived service. A judgment recovered in a suit against a partnership binds the partnership assets and the individual assets of the partners served. Civil Code, § 5592. In such a suit a judgment can not properly be taken against one of the partners who has not been served, or waived service. The original answer in this case was filed in behalf of the partnership. If neither partner had been served, the judgment could only bind the partnership assets, notwithstanding it appears that the attorneys who filed the answer were employed by one or both of the partners. If a partnership is sued and no service perfected, it is competent for the members to employ counsel to defend in behalf of the partnership alone, and, unless it should appear that the attorneys defended in behalf of the individuals also, under an express or implied authority to do so, such an appearance and pleading will not be a waiver of service by the individuals. There is nothing in the original answer to indicate that the attorneys intended to defend for the individuals, except as to their partnership relation. The amendment to the answer seems to be expressly intended to have been filed in behalf of the partnership only. Nor is there anything in the evidence which authorized the trial judge to conclude that Fincher had waived service. In the motion to set aside the default judgment

there is nothing to suggest that the individual partners had been served, or that they had waived service. The case is stated in the caption as being only against the partnership, and the recital in the motion that "the defendants duly filed their answer in court" could not properly be construed to mean that the individual partners had appeared and pleaded. The testimony of Mr. Comer that he was employed by both of the partners, and understood that he was representing both, is not sufficient to show that he appeared for the individual partners, when the pleadings which he filed showed that he did not. Womble was duly served, and, of course, the judgment as to him is binding. But Fincher not having been served, and not having waived service, the court erred in refusing to vacate the judgment as to him.

4. Womble, one of the partners, signed in behalf of the partnership a lease, under seal, containing an agreement on their part to lease a certain storehouse from the plaintiff for the term of three years at a stipulated rental per month, beginning January 1st, 1904. The firm of Fincher & Womble was at that time a mercantile copartnership, and the lease was executed for the purpose of establishing a mercantile business in Fitzgerald, in another county from that in which the business had been previously carried on. Fincher was not a party to the contract; had no knowledge of its execution, and repudiated it when it was submitted to him. The evidence discloses that the defendants failed to occupy the building, and that it remained vacant for a period of several months, after which time it was rented to another tenant by the plaintiff. The suit is for the recovery of the agreed rental during the time the store was vacant. The plaintiff testified, that he did not release the defendants from their contract, and so notified them before he permitted another tenant to occupy the building; that he put this tenant in possession for the purpose of lessening the damages which would accrue from the defendants' breach of the contract. The evidence fully authorized the verdict in the plaintiff's favor. The lease contract was objected to upon the ground that one partner had no right to bind the firm under seal, unless he had written authority under seal from the other partners to do so. The lease was further objected to on the ground that the attorney for the plaintiff who drafted the lease was one of the attesting witnesses. Neither of these objections was well taken. One partner

has the right to bind another partner by any contract within the scope of the partnership business. He may execute promissory notes under seal, and thereby incur indebtedness in reference to any matter within the scope of the partnership business. He may execute bonds in a legal proceeding. Civil Code, § 3168. It has never been ruled that his authority to execute such an instrument must itself be under seal. The authority is implied from the partnership relation, and it is entirely immaterial whether the partnership articles be under seal or not. It was, of course, no objection to the lease that the attorney attested it as a witness. Neither the rights of other persons nor any question in reference to the record, of the lease being involved, it was entirely immaterial whether it was witnessed at all or not. But besides, there is no law which prohibits an attorney who drafts a deed from signing it as an attesting witness. Objection was made to the testimony of one of the witnesses that the plaintiff had made it perfectly clear to the defendants that he would not release them from the rent contract, on the ground that this testimony was an expression of opinion. This witness was an attorney for the plaintiff and conducted the negotiations in his behalf, and stated that he had personal knowledge in reference to the matter. The testimony was not inadmissible for any of the reasons assigned. Besides, all of the testimony in reference to the fact that the plaintiff had notified the defendants that he did not release them was irrelevant, since the defendants knew that the building was ready for occupancy and wrote to the plaintiff asking to be released; and there is no evidence that he ever in fact released them. This disposes of several of the objections to testimony as to the contents of letters. If the testimony was objectionable, its admission was not material and not so prejudicial as to require the granting of a new trial. There was no error in refusing to allow Fincher to testify that he had not authorized Womble to execute the contract, nor was there any error in charging that Womble had authority to execute the contract. The verdict and judgment will be allowed to stand as to Womble and the partnership, but should be set aside as to Fincher, upon his motion to vacate the same.

*Judgment affirmed in part, and in part reversed.*