MALLORY et al. v. RUSSELL. (No. 9976.)

(Court of Civil Appeals of Texas. Fort Worth. May 13, 1922. Rehearing Denied June 17, 1922.)

1. Judgment ⟨key⟩497(1)—Recital that defendants answered prevails against contrary allegation in suit to enjoin levy of execution.

In a collateral attack on a default judgment against a partnership by an application to enjoin the levy of execution on the individual property of one of the partners on the ground that the sheriff's return did not show that plaintiff was separately served with a copy of the petition, and that he never answered or authorized an answer to be filed for him, a recital in the judgment that defendants answered prevails.

2. Partnership ⟨key⟩219(2) — No judgment against individual partners is presumed where judgment is taken against partnership.

Where a judgment is taken against a partnership as such and not against the individual partners, no judgment against the latter is presumed; failure to adjudicate against them as individuals being in effect a denial of such relief.

3. Judgment ⟨key⟩745—Decision refusing writ of error to review judgment refusing to correct judgment held not conclusive in partner's suit to enjoin levy of execution under judgment against partnership.

The Supreme Court's refusal of a writ of error to review a judgment refusing to correct a judgment is not conclusive in a suit to enjoin the levy of execution against the individual property of a member of a partnership against which a judgment was recovered, where the Court of Civil Appeals in the former case decided that a judgment will not be reopened after six years without a reason being shown for failure to apply earlier.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by C. F. Russell against Frank R. Mallory and others. From a judgment refusing to dissolve an injunction, defendants appeal. Affirmed.

Ed Yarbrough, of Electra, for appellants. Weeks, Morrow & Francis, of Wichita Falls, for appellee.

BUCK, J. C. F. Russell made application for injunction, seeking to restrain Frank R. Mallory and P. G. Graves, and the sheriffs of Wichita and Wilbarger counties from levying an execution on the individual prop-erty of plaintiff. Some time in 1920, Mallory and Graves filed suit against the Big Six Oil Company, alleged to be a partnership composed of Jess Montgomery, Ed Chesney, and C. F. Russell, and the First National Bank of Electra, a corporation. Plaintiffs in the last-mentioned suit alleged that the Big Six Oil Company, a partnership composed of Montgomery, Chesney, and Russell, entered into a written contract with Mallory and Graves to purchase an oil and gas lease on 10 acres of land in Archer county. They alleged that under the written contract the defendants in the suit were to deposit in the bank named $1,000 to bind the trade, and upon the plaintiffs furnishing an abstract showing good title, and when the attorneys of defendants had approved the title, the bank was to deliver to plaintiffs the $1,000 so deposited, and if the defendants should decide to take the lease they were, within 30 days, to pay $2,000 additional. They alleged a full compliance on the part of plaintiffs of the contract made, but a failure on the part of defendant, and that upon demand by plaintiffs to the bank for the $1,000 the bank failed and refused to deliver the said sum to plaintiffs. They alleged that they were still willing to carry out their part of the contract, wherefore they prayed for a judgment for $1,000 against the bank, "and for a judgment for the specific performance of said contract as above set out," etc. No specific demand for a judgment against the alleged parties individually was contained in the prayer or otherwise in the petition.

Upon the trial of the former suit, there was on file an answer "by the defendants in the above entitled and numbered cause," without stating who the defendants were, signed by Bonner, Story & Story, attorneys. Also an answer filed by Weeks, Morrow, Francis & King, attorneys, which recited, "Now comes all defendants in the above cause, by attorney, and excepts to plaintiffs' petition here," etc., and asking that "defendant" be discharged with "his" costs. Otherwise the answer speaks of the defendant as one person. Judgment was taken against the Big Six Oil Company, a partnership composed of C. F. Russell, Ed Chesney, and Jess Montgomery, and a judgment rendered, upon a verdict, in favor of the bank. The question of the liability of the other defendants was not submitted to the jury.

[1] In the injunction suit it was alleged that the judgment rendered in the former suit was by default as to the Big Six Oil Company and the alleged partners, and was void for several reasons, to wit: That the sheriff's return on the service of the citation was defective in not showing that the defendant's alleged partners were separately served with a copy of the petition, and, further, that he never answered in said cause or authorized any answer to be filed for him; that neither

Bonner, Story & Story, or Weeks, Morrow, Francis & King were employed by him or authorized to answer for him. This being a collateral attack on the judgment, and the judgment reciting that the defendants filed an answer, we are of the opinion that the recitation of the judgment that the defendants answered would prevail. Mikeska v. Blum, 63 Tex. 44, 46; Estey & Camp v. Williams, 63 Tex. Civ. App. 323, 133 S. W. 470, writ of error denied; Treadway v. Eastburn, 57 Tex. 209.

[2] But we are of the opinion that the judgment rendered was not against the individual partners. In House v. Wells, 112 S. W. 114, writ refused, Chief Justice James, speaking for the court of Civil Appeals of the Fourth District, said:

"The adjudication against the defendants by the firm name disposed of both partners and their liability as far as the partnership assets extended. The failure to adjudicate against them as individuals was in effect a denial of any such relief. It seems to us that the case was disposed of as to both the partners by a judgment against the firm, and for the same reasons the judgment over in favor of the firm against the sureties disposed of that branch of the case. The motion assumes that it must be taken that the judgment where it mentions 'T. W. House' means the individual T. W. House, when that is not what the judgment intended when the matter is considered in the light of the whole record."

The case of Flowers v. Strickland, 10 Ga. App. 739, 73 S. E. 1092, from the Court of Appeals of Georgia, supports the conclusion that where a partnership is sued and judgment is taken against the partnership as such and not against the individual partners, no judgment against the individual is presumed. The case of Early & Clement Grain Co. et al. v. Fite (Tex. Civ. App.) 147 S. W. 673, 675, may be considered as in conflict with the case of House v. Wells, supra, but we do not find that the Supreme Court passed on the Early & Clement Grain Company Case. Hence we feel constrained to follow the House v. Wells Case, supra. If we are correct in this conclusion, it follows that the trial court did not err in refusing to dissolve the injunction theretofore granted.

[3] We do not consider the decision in De Camp v. Bates (Tex. Civ. App.) 37 S. W. 644, writ refused, to be in conflict with our holding. That action was one to correct a judgment, a direct proceeding, while this is a collateral attack. Moreover, in so far as the decision touches upon matters herein involved, the action of the Supreme Court in denying a writ of error is not conclusive, for the Court of Civil Appeals decided that a judgment will not be reopened after the lapse of six years, without any reason being shown for failure to apply earlier, and it was doubtless upon this question that the writ of error was denied.

The judgment is affirmed.