33945.   DAVIS *v.* AKINS.

Decided February 26, 1952.

*Telford, Wayne & Smith,* for plaintiff in error.
*Davis & Davidson,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The special assignment of error complains that the trial court erred in directing a verdict in favor of the plaintiff. Since a consideration of this ground requires a study of all the evidence in the case, it will be considered with the general grounds. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. It is contended, however, that the plaintiff's evidence shows the debt in question to be a partnership liability. The plaintiff testified that, at the time he entered into the contract with the defendant, the latter advised him that he and one Taft Moody were partners in the operation, and that both farms were operated by the partnership composed of him and Mr. Moody. However, the evidence clearly shows that his contract was with the defendant; that the defendant individually obligated himself to pay the plaintiff, and that he did make all the payments that were made. In *Wood* v. *Martin,* 115 *Ga.* 147 (41 S. E. 490), it is held that, where one borrows money on his own credit only, it does not become a partnership debt merely because the money may have been borrowed and used by such individual for partnership purposes. In *Champion* v. *Wilson & Co.,* 64 *Ga.* 184, it is held that, although where one is sued individually there can be no legal recovery against him as a partner, nevertheless the plaintiff must sue the defendant in the capacity in which he contracted with him. The plaintiff here contracted with the defendant in his individual capacity. In *Bray* v. *Peace,* 131 *Ga.* 637 (2) (62 S. E. 1025), it is held: "If it appears on the face of the

petition that the suit is brought against an individual for the debt of a partnership of which he is a member, objection may be raised by demurrer. If it does not so appear, but the defendant claims that the suit against him as an individual is based upon a partnership liability, and that the other partner is a necessary party, the point should be raised by a plea in abatement." No such contention was presented by the defendant, either by special plea or by evidence. Whether or not there was a partnership, there is no evidence that the debt sued upon was a partnership liability. This contention is without merit.

■ It is contended that it was error to direct the verdict in in favor of the plaintiff because the lien did not materialize under the provisions of Code §§ 67-2002 and 67-2301, there being no evidence that it was recorded within three months from the completion of the work. The verdict directed by the court and entered of record was only a money verdict for the sum alleged to be due. Such a verdict was authorized by the pleadings, requested by the prayer, and demanded by the evidence. The validity of this verdict did not depend upon proof that the claim of lien had been recorded within three months from the completion of the work. Since the verdict was demanded by the evidence, it was not error to direct the jury to return it.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*