## 39508. SIRMONS v. ROGERS, Executor.

JORDAN, Judge. E. M. Rogers, Jr., filed suit on open account against M. S. Sirmons in the Superior Court of Lanier County. The defendant in his amended answer denied the indebtedness and the case proceeded to trial on its merits, the jury returning a verdict for the plaintiff. The defendant's amended motion for new trial was denied and he excepted to that judgment, bringing the case to this court for review. The plaintiff below died after the writ of error was filed in this court, and the executor of his estate, E. M. Rogers, Sr., was named defendant in error, by order of this court dated May 2, 1962. *Held:*

1. "Partners are each liable for the debts of the partnership; and if one be sued upon such a debt, and no objection for nonjoinder is duly raised by demurrer or plea, it furnishes to the defendant sued no defense to prove that he contracted the indebtedness on behalf of a firm of which he was a member, and that he has a partner who is not before the court." *Bray v. Peace,* 131 Ga. 637 (4) (62 SE 1025). As held in the *Bray* case, where no objection for nonjoinder is duly raised by demurrer or plea, and the defendant goes to trial upon the merits of the case, he is not entitled to a judgment on the merits, wholly freeing him from payment, merely because he may have a partner who may also be liable. Accordingly, the defendant's contention, that the court erred in not charging the jury that the defendant was entitled to a verdict in the event the jury found that the indebtedness sued upon was a partnership debt of the defendant and one Virgil Dougherty, is without merit; and the trial court did not err in overruling the sole special ground of the amended motion for new trial.

2. The verdict of the jury being authorized by the evidence, the general grounds of the amended motion for new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED MAY 23, 1962—REHEARING DENIED JUNE 18, 1962.

*D. W. Stone,* for plaintiff in error.
*S. B. McCall,* contra.