## 50064. CO-OP MORTGAGE INVESTMENTS ASSOCIATES v. PENDLEY et al.

WEBB, Judge.

Co-op Mortgage Investments Associates, a Maryland limited partnership, purchased from Messrs. Pendley, Bruce and Greene (hereinafter referred to as the Pendleys), certain improved realty in Fulton County. Pertinent to the consummation of the sale was the execution and delivery by Co-op Mortgage to the Pendleys of a purchase money note for $95,000 and a deed to secure the debt. The documents were executed "Co-op Mortgage Investments Associates, a Maryland Limited Partnership, By A. V. Laurins & Co., Inc., General Partner, By A. V. Laurins, President."

One year after the purchase, and on the day its note was due the Pendleys, Co-op Mortgage filed its complaint in the Superior Court of Fulton County against the Pendleys praying recovery of both actual and punitive damages, as well as satisfaction of the purchase money note, because of certain claimed deficiencies in the improvements on the realty acquired from the Pendleys, and for certain alleged misrepresentations and breach of warranties contained in the sales contract and in the owners' affidavit made by the Pendleys. The sales contract itself was between the Pendleys and "A. V. Laurins Company, Inc.," apparently in its individual corporate capacity.

To the complaint of Co-op Mortgage the Pendleys filed their answer and a counterclaim for $95,000 plus interest and attorney fees alleged to be due on the purchase money note. Thereafter the Pendleys moved to

amend their counterclaim by adding A. V. Laurins & Co., Inc. as a party defendant, and that Laurins Company, being a nonresident, be served pursuant to Code Ann. § 24-113.1. The trial court granted this motion, concluding "that the presence of A. V. Laurins & Co., Inc. is required for the granting of complete relief on the counterclaim" and that jurisdiction over Laurins Company can be acquired. It is from this order that Co-op Mortgage appeals, pursuant to a certificate of immediate review.

The record discloses that during the year following the purchase of the property, Laurins Company, as general partner of Co-op Mortgage, offered for rent and improved apartments on the premises, and advertised and offered for sale condominiums, entering into some 29 contracts of sale. Such was done through a resident agent located on the property, employed and paid by Laurins Company.

Co-op Mortgage enumerates three alleged errors on which it presents succinctly two questions for determination, viz.:

1. In a proceeding instituted by a limited partnership, where a counterclaim against such plaintiff partnership is filed, is it necessary to add as a party defendant to such counterclaim the general partner who acted for the partnership in order to bind such general partner and to obtain complete relief?

2. Is Laurins Company, a foreign corporation, under the facts of the case sub judice subject to the jurisdiction of the Superior Court of Fulton County under Georgia's Long Arm Statute, Code Ann. § 24-113.1 et seq.?

We answer these questions in the order presented.

1. It is our judgment that in this proceeding by a limited partnership, in which was filed a counterclaim against the partnership, it was proper to add as a party defendant to such counterclaim the general partner, and to have such general partner served in order to bind such general partner and to obtain complete relief.

The Pendleys included in their answer filed March 28, 1974 a counterclaim, as above stated, against Co-op Mortgage, the complainant, for $95,000 on the purchase money note, plus interest thereon and attorney fees. The assertion of their counterclaim, if to be sought at all, was

compulsory at this time under Rule 13 (a) of the Civil Practice Act. Code Ann. § 81A-113 (a); *Best v. Georgia Power Co.,* 224 Ga. 669 (164 SE2d 125); *Blount v. Kicklighter,* 125 Ga. App. 159, 160 (1) (186 SE2d 543). Furthermore, counterclaims must be directed against the original parties to the action. "A pleading shall state as a counterclaim any claim which *at the time of serving the pleading the pleader has against any opposing party,* if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Rule 13 (a), supra. (Emphasis supplied.) Consequently service of the counterclaim was limited to Co-op Mortgage, the only named plaintiff.

Thereafter, on August 7, 1974, the Pendleys moved to amend their counterclaim by adding A. V. Laurins & Co., Inc. as a party defendant to the counterclaim, contending that this addition of Laurins Company was required for the granting of complete relief in the determination of the counterclaim, and that jurisdiction over Laurins Company was obtainable. Rule 13 (h), CPA (Code Ann. § 81A-113 (h)) provides: "When the presence of parties other than those to the original action is required for the granting of complete relief, in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in this Title, if jurisdiction of them can be obtained." Joinder "as provided in this Title" necessarily means that the provisions of Rules 19 or 20, CPA (Code Ann. § 81A-119 or 81A-120) be satisfied by the party pleading a counterclaim who seeks to join additional persons. CPA Rules 13 and 19 have in common that the joinder be predicated on the requisite granting of "complete relief." This provision "complete relief" embraces the desirability of avoiding repetitive lawsuits on essentially the same facts or subject matter, as well as the desirability of joining those in whose absence there might be a grant of hollow or partial relief to the parties before the court.

Co-op Mortgage, in opposition to the trial court's order naming Laurins Company a party defendant to the counterclaim, contends that adequate relief can be

afforded the Pendleys without as a party defendant the presence of Laurins Company, a general partner of Co-op Mortgage, and that the Pendleys needed only to serve Laurins Company with the counterclaim in order to bind that company as a general partner. The Pendleys counter that under Georgia law it is unresolved whether when the original complaint was filed by the general partner on behalf of the limited partnership as plaintiff, service of the counterclaim on the limited partnership is sufficient service on the general partner so that any judgment on the counterclaim will bind the individual assets of the general partner.

A general partner in a limited partnership has the same rights and liabilities analogous to those of a partner in an ordinary general partnership, and he may become individually liable for all of the debts of the partnership. Code Ann. §§ 75-410, 75-103; Crane on Partnership (2d Ed.) p. 112, § 26; 60 AmJur2d 261, Partnership, § 379.[1] Partners in an ordinary general partnership are jointly liable with the partnership for all debts and obligations of the partnership. *Bray v. Peace,* 131 Ga. 637 (4) (62 SE 1025); *Sirmons v. Rogers,* 106 Ga. App. 166 (1) (126 SE2d 530); 60 AmJur2d 80, Partnership, § 160. But, "to bind individual assets of a partner, the partner himself must be served and must have had his day in court. The execution can not be made broader than the judgment, nor the judgment be broader than the original proceeding upon which it is based." *Flowers v. Strickland,* 10 Ga. App. 739, 740 (73 SE 1092). "In Georgia, a judgment against a partnership binds the partnership property and also the individual property of any partners *who by proper service are made parties defendant* in the action, Code § 75-312,

---

[1]The relationship known as "partnership" already existed when the Code of Hammurabi and the Mosaic law were being formulated. 59 AmJur2d 926, Partnership, § 2. The Uniform Partnership Act was approved in 1914 by the Commissioners on Uniform State Laws, but it has never been adopted in Georgia. The Uniform Limited Partnership Act, however, was adopted by Act of the General Assembly in 1952 (Ga. L. 1952, pp. 375, 388).

but does not bind the individual property of partners not served." *Losito v. Gingo,* 107 Ga. App. 840 (1) (131 SE2d 78) Code § 39-117; *Render & Hammett v. Hartford Fire Ins. Co.,* 33 Ga. App. 716, 723 (127 SE 902); *Fincher v. Womble & Hanson,* 12 Ga. App. 608, 611 (3) (77 SE 1068); *Denton Bros. v. Hannah,* 12 Ga. App. 494 (4) (77 SE 672); *Warren Brick Co. v. Lagarde Lime &c. Co.,* 12 Ga. App. 58 (2) (76 SE 761); *Higdon v. Williamson,* 10 Ga. App. 376 (1) (73 SE 528); *Hollister Bros. v. Bluthental & Bickart,* 9 Ga. App. 176 (1) (70 SE 970). If only the partnership is served, and no partner is served, the judgment could bind only the partnership assets. *Fincher & Womble v. Hanson,* 12 Ga. App. 608, 611 (3), supra.

"Where, in suit against two or more joint contractors . . . or *partners,* service shall be perfected on only part of said contractors or partners, and the officer serving the writ shall return that the others are not to be found, judgment obtained shall bind, and execution may be levied on, the joint or partnership property, and also the individual property, real and personal, of the defendant or defendants who shall have been served with a copy of the process, *but shall not bind or be levied on the individual property of the defendant or defendants not served with process."* Code § 39-117. (Emphasis supplied.)

Co-op Mortgage, a limited partnership, in the case sub judice acting by and speaking through Laurins Company, a general partner, objects to having Laurins Company, legally liable as a general partner for debts of the partnership, made a party to this counterclaim in which that liability of Laurins Company may be asserted and executed. Put another way, Laurins Company, a general partner in Co-op Mortgage, objects to having itself, i.e., Laurins Company, made a party by which its legal liability as such general partner may be asserted and enforced. There can be no sound justification for such a judicial juggle.

A counterclaim must be upon the opposing party. The opposing party here is the limited partnership. Service on the partnership would not be service on the general partner. To bind the partner, and thus have complete relief, he must be served with process, and to serve him authoritatively with the counterclaim he must

be made a party defendant. Without an order of court directing that A. V. Laurins & Co., Inc. be added as a party defendant to the counterclaim, individual service on such general partner would be without authority. The trial court did not err in ordering the general partner made a party defendant to the counterclaim.

2. Co-op Mortgage contends further, however, that the general partner, A. V. Laurins & Co., being a nonresident, is not subject to the jurisdiction of the Superior Court for Fulton County, and thus arises the second question.

In answer to the second question, we hold that the trial court was correct in ruling that it has jurisdiction of Laurins Company under the Long Arm Statute. Code Ann. § 24-114.1 et seq. Section 24-113.1 provides, in part: "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: (a) Transacts any business within this State; or . . . (d) Owns, uses, or possesses any real property situated in this State."

If the nonresident "has purposefully done some act or consummated some transaction in this state, if the cause of action arises from *or is connected with* such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice," there exists under our Long Arm Statute jurisdiction on the basis of transacting business in this state. *Davis Metals v. Allen,* 230 Ga. 623, 625 (198 SE2d 285). (Emphasis supplied.) The Long Arm statute in essence provides that a court of this state may exercise personal jurisdiction over a nonresident if the latter "transacts any business within this State." Such act, of course, must have some relationship, some connection with the cause of action, and there must be minimum contacts within this state. *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145); *Davis Metals, Inc. v. Allen,* 230 Ga. 623, supra; *Delta Equities v. Larwin Mortgage Investors,* 133 Ga. App. 382 (211 SE2d 9).

The record discloses the A. V. Laurins & Co., Inc., in

its individual corporate capacity and through its president, A. V. Laurins, negotiated in this state for the purchase of the property about which this litigation is in progress; as such, apparently in its individual corporate capacity entered into a sales contract with the Pendleys on January 17, 1973, to purchase the property for $1,080,000, executing and delivering the sales contract in Georgia; as general partner and on behalf of Co-op Mortgage, executed all closing documents for the purchase of the property, consummating the transaction in Georgia on March 1, 1973; as general partner of Co-op Mortgage rented the apartments and sold condominiums located on the property; in its corporate capacity paid the salary of the resident manager who engaged in soliciting sales of the condominiums; and instituted this litigation and had the complaint verified by A. V. Laurins as president of A. V. Laurins & Company, Inc. The foregoing amply indicates that A. V. Laurins & Co., Inc. was transacting business in this state and entered into transactions in connection with real property in this state. The negotiations and contracts made within this state certainly constituted at least the required "minimum contacts" necessary to find that A. V. Laurins & Co., Inc. was "transacting business" within the meaning of Georgia's Long Arm Statute, "and that there is no violation of due process, [f]or the underlying principles of fair play, reasonable notice and opportunity to defend are present." *Delta Equities v. Larwin Mortgage Investors,* 133 Ga. App. 382, 384, supra, and cits.

There was no error in the trial court's finding that it had jurisdiction of Laurins Company under the Long Arm Statute, and in ordering that it be made a party defendant and be served.

3. Co-op Mortgage contends in its belief that the Pendleys caused, under Code Ann. § 6-806, to be transmitted to this court certain portions of the record of the trial court in addition to those designated by Co-op Mortgage as necessary, that such additions are "superfluous, immaterial and useless" to a consideration of the appeal, and that the costs thereof should be taxed against the Pendleys. Suffice it to say that we found the additional portions desirable for our consideration of the

issues. The proper place for a motion to tax the additional costs is "the trial court which, under Code Ann. § 6-805 (f) has a necessary control over the designation and transmittal of both record and transcript." *Smith v. Top Dollar Stores,* 129 Ga. App. 60, 64 (3) (198 SE2d 690).

The judgment of the trial court is affirmed.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED FEBRUARY 19, 1975 — REHEARING DENIED MARCH 11, 1975.

*Henning, Chambers & Mabry, Walter B. McClelland,* for appellant.

*Arnald, Golden & Gregory, Cleburne E. Gregory, Jr., William H. Kitchens,* for appellees.