## 50937. NORTH PEACHTREE I-285 PROPERTIES, LTD. et al. v. HICKS et al.
## 50938. RODGERS et al. v. HICKS et al.

QUILLIAN, Judge.

North Peachtree I-285 Properties, Ltd., is a Georgia Limited partnership, hereinafter referred to as "the Partnership." The general partners were defendants Rodgers, Curlin and Schwartz. The limited partners were Cooksey, Mermis, Tatum, Musselwhite and Grafton. The general partners were sued individually and as general partners. Defendant Curlin moved to Georgia in 1972 to become an employee of a local corporation interested in purchasing sites on I-285 for location of motels. Defendant Cooksey was also an employee of that corporation. During the latter part of 1972 and early part of 1973 defendants Curlin and Cooksey met with plaintiffs, owners of the realty to be purchased, or their representatives "every working day for approximately 45

days." All of these meetings were in the State of Georgia. The local corporation was joined by an out-of-state corporation in 1973 and a contract for the sale of plaintiff's property was negotiated. Both corporations withdrew from this arrangement and the contract was "assigned" to "Peter B. Curlin and Associates" and finally to the Partnership.

The closing transaction for the sale of this property was in the offices of the attorneys for defendants at 3300 First National Bank Building, Atlanta, Georgia on October 23, 1973. Defendants Curlin, Schwartz, Rodgers, Cooksey, Tatum and Musselwhite attended the closing.

At that time the general partners executed a promissory note in the principal amount of $250,000 in partial payment of the purchase price of "approximately" five million dollars. The note is headed "Atlanta, Georgia." In addition to the note, as a condition of closing, each of the partners, both general and limited, was required to personally guarantee payment of the note. All partners present signed and the two absent limited partners signed another copy of the guaranty at a later date. Defendant Schwartz inserted a provision in the promissory note which provided: "Notwithstanding anything herein to the contrary, the liability of Newton B. Schwartz hereunder and under the guaranty attached to this Note shall be limited to his interest in North Peachtree I-285 Properties, Ltd., and in the property of North Peachtree I-285 Properties, Ltd., and, in addition to his interest in said partnership and partnership property, One Hundred Thousand and No/100 Dollars ($100,000.00)." Defendants defaulted on payment of the note. Plaintiff brought suit in Fulton County, Georgia, sought and received summary judgment. Defendants appeal to this court.

Notice of appeal was filed by an attorney for defendant's North Peachtree I-285 Properties, Ltd., Rodgers, Schwartz, Curlin, Cooksey, Mermis, Tatum and Grafton. This attorney later withdrew and no enumeration of error, brief or argument has been made under this notice of appeal. Defendant Schwartz appearing pro se, filed a notice of appeal for himself, the Partnership and Rodgers. The following enumeration of

errors refers to these latter defendants. *Held:*

1. Defendant Schwartz contests "personal jurisdiction" over him under the Georgia Long Arm Statute, Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444), contending that he was not transacting business within this state and plaintiff's "cause of action did not have sufficient contacts with Georgia to justify the exercise of jurisdiction over North Peachtree I-285 Properties, Ltd.," and such exercise of jurisdiction "would offend traditional fairness and substantial justice." Jurisdiction was asserted in Fulton County. Defendant Rodgers, one of the general partners, resides in Fulton County. Some of the negotiations surrounding this sale were conducted in Fulton County and all of the negotiations were conducted within the State of Georgia. The closing of the sale was in Fulton County. The promissory note and the guaranty note were executed in Fulton County. Mr. Curlin testified that "[a]ll partners were involved in different meetings with the brokers and the plaintiffs here in Atlanta."

Our Long Arm Statute provides that a court of this state may exercise personal jurisdiction over a non-resident as to a cause of action arising from any act of the nonresident, if the nonresident "[t]ransacts any business within this state"; Code Ann. § 24-113.1 (a) (Ga. L. 1966, p. 343; 1970, pp. 443, 444). The only requirement is that the act or acts of the nonresident, giving rise to the cause of action must have some relationship to the State of Georgia. There must be minimum contacts within this state. *Davis Metals v. Allen,* 230 Ga. 623, 625 (198 SE2d 285). All acts that gave birth to this cause of action occurred in Georgia, thus there is no question of jurisdiction of Georgia on a minimum contact theory as there were no contacts except those within this state. *Strickland v. Foundation Life Ins. Co.,* 129 Ga. App. 614 (200 SE2d 306).

The act of Schwartz signing the promissory note and the guaranty alone in Fulton County are sufficient to confer personal jurisdiction over him, as the foundation for jurisdiction includes the interest that a state has in providing redress in its own courts against persons who "incur obligations to those within the ambit of the State's

legitimate protective policy." *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 61 (195 SE2d 399); *Strickland v. Foundation, Life,* 129 Ga. App. 614, 616, supra; *Davis Metals v. Allen,* 230 Ga. 623, 625, supra.

With reference to defendant's allegation that exercise of jurisdiction through Georgia's Long Arm Statute would offend "traditional fairness and substantial justice," our Supreme Court has held that under our "Long Arm Statute jurisdiction over a non-resident exists on the basis of transacting business in this state if the nonresident has . . . consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen,* 230 Ga. 623, 625, supra. We find that there is no violation of due process or the underlying principles of traditional fairness and substantial justice when reasonable notice and opportunity to defend are present. *Delta Equities v. Larwin &c. Investors,* 133 Ga. App. 382, 384 (211 SE2d 9), and cits.

We hold that the trial court properly exercised personal jurisdiction over the defendant Schwartz, and the Partnership.

2. Defendants have moved to strike, at the appellate level, an order of the trial judge, dated July 1, 1975 which "removed and expunged from the record" affidavits of the defendant Curlin and defendant's witness Evans. The order was filed with this court by the trial judge to "correct the record." The order stated that these affidavits "were withdrawn by counsel for the defendant during the hearing on Plaintiff's Motions for Summary Judgment." A defendant will not be heard on appeal objecting for the first time to a ruling by a trial judge granting his request at trial. We will not consider the withdrawn affidavits.

3. Enumerated as error is the trial court's grant of plaintiff's motion for summary judgment. Principal matters alleged to be in issue were: (1) whether plaintiffs warranted there were no restrictions on the use of the property other than zoning restrictions, (2) whether defendants placed reliance upon this material rep-

resentation to their detriment, (3) whether plaintiffs warranted access to the property through an access road as shown on the plat of a survey attached to the warranty deed, (4) whether plaintiffs knew or should have known there was no access to the property by virtue of said road, and (5) whether plaintiffs and/or their agents knew at the time of closing, or at the time of making certain warranties in the earlier contract of sale, that a substantial portion of the land was in the one hundred year flood plain, and whether defendants relied upon this to their detriment.

Pretermitting the question of whether plaintiffs warranted any of the foregoing to the defendants, we find no genuine issue of material fact. Misrepresentation of a material fact, made wilfully to deceive or recklessly without knowledge, and acted on by the opposite party, constitutes legal fraud. Code § 37-703. However, representations which are not used as a basis for action will furnish no ground for complaint. *Janes v. Trustees of Mercer Univ.*, 17 Ga. 515 (3). Defendants did not allege or prove they were defrauded by plaintiffs. There is no evidence that defendants relied on the alleged warranties from plaintiffs. On the contrary, defendant Curlin testified that either he or one of his partners or representatives investigated or checked out every representation made to them by plaintiffs.

An engineering firm employed by defendants performed different studies upon this property from April until October and communicated their findings to defendant Curlin — prior to closing. Not only were they aware of the correct zoning of the property, including the flood plain, but the engineering firm had a U. S. Coastal and Geodetic Survey Map showing the flood plain, and was aware of the high water mark established by the U. S. Army Corps of Engineers prior to closing. This engineering firm prepared and submitted "a flood plain renovation and land reclamation plant to DeKalb County" which was approved, and DeKalb County issued them a building permit — all prior to closing.

The evidence shows that there was no restriction upon the use of this property except that of the zoning classification. The evidence also established that a

dedicated road easement did exist as shown on the plat furnished defendants. The fact that for unknown reasons, the City of Doraville, after contract closing, erected a barrier at the end of this road does not negate the fact that a dedicated easement exists — as shown on Georgia Highway Department and DeKalb County maps. There was no evidence to show that plaintiffs knew or should have known that the City of Doraville would erect a barrier across this road, after contract closing where records show a dedicated easement to exist. Suffice it to say defendant Curlin testified that they had never had any communications with Doraville to determine the reason for their action. The defendant's engineer testified that it was his understanding that the project was in "moth balls" because of "a failure to pay bills."

Just as admissions of one partner are admissions of his co-partners ( *Boswell v. Blackman,* 12 Ga. 591, 592), notice to one partner is notice to all. *Ferry & Co. v. Mattox & Turner,* 2 Ga. App. 104 (3) (58 SE 291). Thus, notice to defendant Curlin prior to closing of the correct zoning and the approximate size of the flood plain was notice to all.

Even if plaintiff's representations were warranties, and were made prior to the contract for sale, defendants knew the correct zoning and approximate size of the flood plain before going to closing and either were not misled by such representations or with knowledge of the true facts affirmatively discarded such representations.

As there was no allegation of fraud ( *Blackmon v. Taylor,* 136 Ga. 165, 166 (71 SE 139)), and the purchasers exercised every opportunity to examine the property thoroughly before closing ( *Kirven v. Blackett,* 208 Ga. 178, 182 (65 SE2d 791)), and all material representations were investigated by defendants prior to closing, we find no error in the granting of summary judgment for plaintiffs by the trial court. *Elliott v. Dolvin,* 34 Ga. App. 788 (131 SE 300).

4. Defendant Schwartz's assertion that the trial court erred in granting summary judgment against him for $348,285.95 and ordering him to post a supersedeas bond for $365,000, is untenable. He argues that under the aforementioned limitation clause in the promissory note

"his liability . . . was clearly limited to $100,000.00." We disagree for two reasons. One — a fair reading of that clause shows he attempted to limit his liability *"in addition to* his interest in said partnership and partnership property, [to] One Hundred Thousand and No/100 Dollars." (Emphasis supplied.) The dollar limitation was to be in addition to his interest in the partnership and partnership property. The partnership has a substantial financial interest in the purchase of this realty, stated to be of a value of "approximately five million dollars." Although other parties may have prior and higher claim to the partnership assets, we cannot — at this time, say that the defendant Schwartz' interest in the partnership and its property would not amount to the sum included in the judgment over and above the $100,000 limitation.

A second basis of liability is that defendant Schwartz was sued individually and as general partner. A general partner in a limited partnership has the same rights and liabilities of a partner in an ordinary partnership. Code Ann. § 75-410 (Ga. L. 1952, pp. 375, 378); Code § 75-103. *Co-op Mortgage Investments &c. v. Pendley,* 134 Ga. App. 236 (214 SE2d 572). To bind the assets of a partner, the partner must be served and have his day in court. *Flowers v. Strickland,* 10 Ga. App. 739, 740 (73 SE 1092). A judgment against the partnership binds the partnership property and the individual property of any general partners who by proper service are made parties defendant in the action. Code § 75-312. Here the judgment was against the partnership and defendant Schwartz, both individually and as a general partner. As a co-signer on the promissory note he may have limited his liability, but as a general partner who was personally served he is also liable for the entire debt of the partnership. *Co-op Mortgage Investment &c. v. Pendley,* 134 Ga. App. 236, 239, supra. As the total judgment against the partnership — $348,285.95, is chargeable to the defendant Schwartz, the judge may — upon motion by appellee, require that a supersedeas bond be given with such surety and in such amount as the court may require. Code Ann. § 6-1002 (a) (Ga. L. 1965, pp. 18, 22). Accordingly, although the appellee does not object to

reformation of the judgment, we find no error in the decision of the trial court.

5. Defendants enumerate as error the action of the trial court in granting summary judgment on February 5, 1975, as the partnership on February 3, 1975, filed in the United States Federal District Court for the Northern District of Georgia, Atlanta Division, for reorganization under the bankruptcy laws of the United States. They allege that under "Rule 11-44 of the Bankruptcy Act and Rules, the mere filing of such a petition 'shall operate as a stay of the commencement or continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding . . .' "

A stay order was issued by the bankruptcy court against a secured creditor on February 3, 1975, and defendants contend that this was "notice to attorneys for all creditors including appellees."

We decline to follow the reasoning of the defendants. See 11 USCA § 29. The United States Supreme Court has held that bankruptcy proceedings do not, merely by virtue of their maintenance, terminate actions already pending in a state court to which the bankrupt is a party. Connell v. Walker, 291 U. S. 1 (1934); Accord, Arnold v. Bostick, 339 F2d 879 (9th Cir. 1964); cert. den. 382 U. S. 858. Although actions pending when a bankruptcy proceeding is initiated may be subject to stay orders of the bankruptcy court, some appropriate action by either the bankruptcy court or court in which suit is pending is required to divest that court of jurisdiction to proceed. Donald F. Duncan Inc. v. Royal Tops Mfg. Co., 381 F2d 879 (7th Cir. 1967), cert. den. 390 U. S. 905. The record does not reflect application to the trial court for a stay, but even if such action had been made and denied, defendant's remedy is application to the bankruptcy court for a stay. In re Innis, 140 F2d 479 (7th Cir. 1944); cert. den. 322 U. S. 736.

A review of the stay order issued by the bankruptcy court reveals that it was directed solely to the Citizens Mortgage Investment Trust, Citizens Mortgage

Corporation, the Trustees of Citizens Mortgage Investment Trust, its officers and agents, and assignees or holders, of a note and deed to secure debt executed by the partnership on October 23, 1974. It did not mention plaintiffs in the instant case or affect this action in any manner. We find this enumeration to be non-meritorious.

6. Defendant complains of plaintiff obtaining a purchase money attachment of the partnership land prior to judgment in this case, without notice or hearing. Neither that action, nor that allegation of error was raised in these proceedings in the trial court and they will not be considered on appeal. *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (184 SE2d 48).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 2, 1975 — DECIDED OCTOBER 9, 1975 — REHEARING DENIED NOVEMBER 5, 1975 —

*Newton B. Schwartz,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, D. Lurton Massee, Jr., Dennis S. Meir, Matthew H. Patton,* for appellees.