No. 71.—THOMAS HERNDON and others, plaintiffs in error, *vs.* DOE *ex dem.* JOHN KIMBALL and another, defendants.

[1.] The registry of a deed, not proved or acknowledged according to law, is not constructive notice to a subsequent purchaser.*

[2.] A *bona fide* purchaser of land, *without notice* of any fraud or defect in the title, from one affected *with notice,* will be protected.

Ejectment, in Chattooga Superior Court. Tried before Judge WRIGHT, April Term, 1849.

On the trial of this cause, the plaintiff in ejectment claimed title through a deed made by the grantor, John Kimball, to George Swain, in the State of Alabama, and County of Jackson, and witnessed by Jackson Kimball, and Joseph Murphy, J. P. which deed, without farther probate, was admitted to record in the Clerk's office in Walker County, in which the land was then included.

The Court charged the Jury, that this was constructive notice to subsequent purchasers, and this decision is alleged to be erroneous.

The defendants below claimed title under a deed from John T. Story, who purchased the land at Sheriff's sale. Evidence was introduced to show that the purchase by Story was fraudulent. The defendants were shown to be *bona fide* purchasers, *without notice* of the fraud.

The Court charged the Jury, that if Story's purchase was fraudulent, his title was void, and that he conveyed no title to the defendants below, although they purchased without notice of the fraud.

And this decision is alleged to be erroneous.

HOOPER and AKIN, for plaintiffs in error.

TRIPPE, for defendants.

*By the Court.*—WARNER, J. delivering the opinion.

Two questions are made by the record in this case. First,

---

*See *Fleming vs. Townsend,* 6 *Ga. Rep.* 103.—[Rep.]

Herndon and others *vs.* Kimball and others.

whether the registry of a deed, under the Registry Acts of this State, *defectively* proved or acknowledged, is *constructive notice* to subsequent purchasers?

Second, where a purchaser at Sheriff's sale, who by fraudulent representations, purchases land at a mere nominal price, and afterwards sells it to a *bona fide* purchaser, without notice of the fraud, whether such *bona fide* purchaser will be protected in his purchase against the fraud of the first purchaser at Sheriff's sale ?

[1.] The Court below decided, that the deed so registered *was constructive notice* to subsequent purchasers, and that a *bona fide* purchaser, *without notice* of the fraud, was *not protected*. We think the Court below was wrong on both questions. The registry of a deed, not proved or acknowledged according to law, is not constructive notice to a subsequent purchaser, although recorded in the proper County. *Heister vs. Fortner*, 2 *Binney's R.* 40. *Frost vs. Beekman*, 1 *Johns. Ch. R.* 300.

[2.] Story purchased the lot of land in controversy at Sheriff's sale, and fraudulently represented he had a deed to the land, which enabled him to purchase it at a mere nominal sum. There is no evidence that the Sheriff participated in the fraud of Story. Subsequently, Story sold the land to Beavers, and Beavers to Zelnor, both of whom were *bona fide* purchasers, without notice of the fraud. In *Truluck vs. Peeples*, (3 *Kelly*, 446,) this Court held, that a *bona fide* purchaser of land, *without notice* of any fraud or defect in the title, from one affected *with notice*, would be protected.

Let the judgment of the Court below be reversed.