HOWARD *vs.* SELMAN.

1. A mortgagee foreclosed his mortgage, and to the levy thereunder a claim was interposed. It appeared that the mortgagor held title under a sheriff's sale against his father-in-law, the judgment having been obtained and levy made prior to the latter's death, and the sale having taken place thereafter:

*Held,* that the record of a will made by the former owner of the land, devising it to his wife for life, with a remainder to one of her sons, did not operate as notice to the mortgagee of any fraudulent conduct on the part of the mortgagor in procuring title to the land in order to defeat the will.

2. The mortgagee occupied the postion of a *bona fide* purchaser without notice, and will be protected, although there may have been fraud on the part of the mortgagor.

December 7, 1886.

Notice. Vendor and Purchaser. Mortgage. Fraud. Before Judge ESTES. Walton Superior Court. February Term, 1886.

Reported in the decision.

McHENRY & McHENRY; RAY & WALKER, for plaintiff in error.

ALEX. S. ERWIN; HENRY D. McDANIEL, for defendant.

BLANDFORD, Justice.

Selman foreclosed a mortgage on certain lands conveyed by a mortgage deed to himself by DeKalb Reynolds. The writ of execution which issued on the judgment of foreclosure was levied on this land conveyed by the mortgage deed. B. A. Howard interposed a claim to the land On the trial of the claim case, Howard showed that his father owned the land, and was in possession of the same at his death; that by his last will the land was devised to claimant after his mother's death; and that the mother was dead. Plaintiff in execution showed a deed made by the

sheriff to Reynolds under an execution founded on a judgment in favor of Wilcox, Gibbs & Co. against claimant's father, the testator, in his lifetime, and the levy of the execution on the land claimed in the lifetime of testator and its sale by the sheriff after his death, and possession of Reynolds under the deed when the mortgage was executed. Claimant then introduced evidence tending to show that the levy of the *fi. fa.* and sale of the land thereunder, and the purchase by Reynolds, were the result of a fraudulent combination between Reynolds, Gibbs, and another son-in-law of testator, to procure the land for themselves and their wives, and to avoid the will devising the land to claimant. The plaintiff, Selman, insists that he occupies the position of *bona fide* purchaser, without notice of any fraud on the part of Reynolds in procuring the title to the land levied on and claimed in this case. But claimant insists that, as the will of his father had been probated and admitted to record, this was sufficient to have charged plaintiff with notice or put him on inquiry when the mortgage was executed.

1. We do not see any facts in this record which are sufficient to put Selman on notice. Selman's mortgage and Reynolds's title do not depend on the will of Howard, the testator, but upon a judgment against testator while in life, under which the sale of the land and the conveyance by the sheriff to Reynolds were made. The record of the will and its probate is no notice whatever of the fraudulent conduct of Reynolds in procuring title to the land in controversy.

2. The testimony in the record is strong that Selman had no knowledge of the manner or means by which Reynolds procured the title to the land. He, Selman, occupies the position of a *bona fide* purchaser without notice.

"A title obtained by fraud, though voidable in the vendee, will be protected in a *bona fide* purchaser without notice." Code, §2640. The clause of the code set forth

seems to us to settle this case, but if not satisfactory, see 7 *Ga.* 432; 3 Kelly 446; 55 *Ga.* 497; 57 *Id.* 172; 58 *Id.* 276, in which cases the doctrine in the code is amplified and enforced.

Judgment affirmed.