JACKSON v. STRICKLAND et al..

ATKINSON, J. 1. A plaintiff in ejectment may recover in his prior possession alone. Civil Code, § 5008. This is true, even though he may have relinquished such possession, if such relinquishment were made animo revertendi; and whether such relinquishment was so made is a question of fact for the jury. *Jones* v. *Nunn*, 12 *Ga*. 469; *King* v. *Sears*, 91 *Ga*. 577 (7).

2. Ordinarily it is not necessary to anticipate the defense, and where the plaintiff relies on prior possession, he need not aver that the defendant is a trespasser, but evidence of prior possession alone is sufficient to put the defendant on proof that he has a better title than that of the plaintiff. *Moss* v. *Chappell*, and cases cited, 126 *Ga*. 198.

3. The evidence for the plaintiff being sufficient to show prior possession, it was erroneous to dismiss the case at the conclusion of the plaintiff's evidence. *Judgment reversed. All the Justices concur.*

Submitted July 18,—Decided December 13, 1906.

Complaint for land. Before Judge Gober. Cherokee superior court. October 3, 1905.

*P. P. DuPre,* for plaintiff. *E. W. Coleman,* for defendants.

---

WARD & BROTHER v. KENNESAW FERTILIZER COMPANY.

WARD & BROTHER v. UNION FERTILIZER COMPANY.

LUMPKIN, J. 1. The act of 1899 (Acts 1899, p. 78) which declared that the lien of mortgages given to secure the payment of debts for supplies, money, and other articles of necessity, including live stock, to aid in making and gathering such crops, shall be superior to judgments of older date than such mortgages, does not authorize the holder of such a mortgage to interpose a claim to the levy of an execution issued under an older judgment and thereby prevent any sale at all.

2. If the instrument under which the claim was interposed in this case be treated as falling within the provisions of that act, its lien could not be asserted by claim. If it be treated, not as a mortgage, but as a bill of sale conveying title which could be asserted by claim, the title so conveyed was not free from levy under an older judgment. *Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided December 13, 1906.

Certiorari. Before George D. Anderson, judge pro hac vice. Cobb superior court. December 22, 1905.

*H. B. Moss,* for plaintiffs in error.