MAYS *v.* REDMAN BROTHERS.

LUMPKIN, J. 1. Persons claiming to have bought land, fully paid the purchase-money, gone into possession, and erected valuable improvements, brought suit to recover it, and damages on account of destruction of the improvements, against an alleged disseizor, averring that the persons from whom they bought had conveyed to another, who had conveyed to the defendant, and that both of these grantees took with notice of plaintiffs' rights. *Held,* that the plaintiffs showed a sufficient title to authorize the maintenance of such an action against the defendant who thus obtained a conveyance. *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811).

2. In such a case if the defendant was a bona fide purchaser for value and without notice, he would be protected from the equitable owner, even if his grantor had notice of the equitable rights of the plaintiff. Or, if his grantor was a bona fide purchaser for value and without notice, the defendant would be protected, even if he himself bought with notice. Civil Code, § 3938.

(*a*) Under the evidence, and in view of the general charge, an omission to charge distinctly that if the first grantee purchased without notice, the grantee under him would be protected, whether he had notice or not, would not alone require a new trial.

3. After laying the proper foundation, a brief of evidence approved by the presiding judge as a correct brief of the evidence introduced on a former trial of the same case, and filed under his order as a part of the record in connection with a motion for a new trial then made, was admissible for the purpose of impeaching a witness who testified on the last trial, by showing that he testified differently on the former trial. *City of Columbus* v. *Ogletree,* 102 *Ga.* 293 (5), 297 (29 S. E. 749); *Owen* v. *Palmour,* 111 *Ga.* 885 (36 S. E. 969).

4. It appeared that the persons under whom the plaintiffs and the defendant claimed became bankrupt; that the land, together with certain machinery thereon, was included in the appraisement of the bankrupt's property; that the referee issued a notice that, unless sufficient cause should be shown to the contrary, he would pass an order of sale; that one of the present plaintiffs interposed a claim to the machinery, and

at the same time the person now alleged to have purchased with notice of the plaintiffs' equitable rights interposed a claim to the land. *Held,* that there was no error in admitting the claim interposed by one of the plaintiffs, in order to show that it did not include the land, but rejecting the claim interposed by the other party.

5. Where the trustee in bankruptcy of the persons under whom both parties to the present case claim brought suit to recover the land and machinery against the present plaintiffs and the person under whom the present defendant holds as a grantee, and the defendants in that action filed a joint plea duly verified. in which it was alleged that the land belonged to such other person and that the machinery belonged to the present plaintiffs, a certified copy of such plea was admissible as tending to show that the plaintiffs admitted that they were not then the owners of the land.

6. In an action of the character described in the first headnote above, the burden of showing both a perfect equitable title to the land and also notice to the subsequent purchasers rested on the plaintiffs.

7. Actual possession of land is notice of whatever right or title the occupant has.

8. The other grounds of the motion for a new trial, when considered in connection with the evidence and the entire charge, are not such as to require a reversal. As there is a reversal on rulings of law, and a new trial will be had, the sufficiency of the evidence is not discussed.

*Judgment reversed. Beck, J., absent. The other Justices concur.*

AUGUST 9, 1910.

Complaint for land. Before Judge Reagan. Butts superior court. April 26, 1909.

*John R. L. Smith* and *Henry M. Fletcher,* for plaintiff in error.

*C. L. Redman* and *O. M. Duke,* contra.