### 4558. DENTON BROTHERS *v.* HANNAH.

POTTLE, J. 1. In a claim case a verdict in favor of the plaintiff in fi. fa. is properly directed, where he has made out a prima facie case by introducing evidence that the defendant in fi. fa. had title at the date of the levy, and where the only evidence of title in the claimant is that, after the levy of the fi. fa., the property described in the levy was bought by him at a constable's sale, based upon the levy of an-

other execution in favor of the claimant, that execution not being introduced in evidence, and there being nothing to show that the sale was under a valid process, so as to divest the title of the defendant in fi. fa.

2. Withdrawing a claim to property levied on and permitting the sale to take place under the process by which the property was seized does not estop the claimant from afterwards asserting his right to seize the property under an execution superior to the process under which the property was sold.

3. Where a judgment was rendered on July 13, 1903, an execution issued on July 18, 1903, was not void because issued before the expiration of four days after the rendition of the judgment.

4. Service upon one partner, of process in a suit against the partnership, authorizes a judgment binding the assets of the firm and the individual property of the partner served. Civil Code, § 5592.

5. A bill of sale executed by one member of a partnership, conveying partnership assets to secure an existing debt of the firm, passes title to the creditor, though the other partner has no knowledge of the execution or existence of the instrument. *Kiser* v. *Carrollton Dry Goods Co.*, 96 *Ga.* 760 (22 S. E. 303); Civil Code (1910), § 3172.

6. A levy upon "one fawn colored oxen, one dunn pided oxen," as the property of the defendant in execution, is not void for indefinite description.

7. A ground of a motion for a new trial in which error is assigned upon the admission of documentary evidence can not be considered when the evidence objected to is not set forth in the motion for a new trial, either literally or in substance, or attached thereto as an exhibit.

8. Where title to personal property is conveyed to secure a debt, the creditor may, after obtaining judgment on the debt, reconvey the property to the debtor for the purpose of levy and sale, by filing and recording a quitclaim deed in the office of the clerk of the superior court. It is not necessary that the deed should be delivered to the debtor. Civil Code, § 6037.

9. In the trial of a claim case, evidence in reference to the right of the plaintiff to recover on an account, upon which he obtained the judgment from which the fi. fa. issued, is irrelevant.

10. Where an execution, issued from a justice's court of one county, was "backed" in another county, and was there levied by a constable of that county upon property of the defendant, therein located, a sale under such levy in the county in which the execution was issued, by a constable of that county, was void, and the purchaser acquired no title. The sale should have been made by the levying constable in the county where the execution was "backed" and the levy was made. Civil Code, § 4760. For this reason the court did not err in rejecting the claimant's fi. fa. and the entry of levy thereunder.

*Judgment affirmed.*

DECIDED MARCH 18, 1913.

Appeal; from Jefferson superior court—Judge Rawlings. August 7, 1912.

*E. L. Stephens,* for plaintiffs in error. *Hines & Jordan,* contra.