TERRELL *v.* GOULD, administrator.

HINES, J. 1. A plaintiff in ejectment may recover the premises in dispute, upon his former possession alone, against one who subsequently acquires possession of the land by a mere entry and without any lawful right whatever. Civil Code (1910), § 5586. Prior possession is some evidence of title, and is sufficient as a basis for recovery of possession as against a trespasser. *Horton* v. *Murden,* 117 *Ga.* 72 (6) (43 S. E. 786).

2. Evidence of prior possession alone is sufficient to put the defendant on proof that he has a better title than that of the plaintiff. *Horton* v. *Murden,* supra; *Moss* v. *Chappell,* 126 *Ga.* 196 (3) (54 S. E. 968); *Jackson* v. *Strickland,* 127 *Ga.* 106 (2) (56 S. E. 107).

3. It has been held that the above principles apply where a bill in equity is filed as the equivalent of an action in ejectment. *Nolan* v. *Pelham,* 77 *Ga.* 262. By parity of reasoning these principles apply in a claim case; and where in a claim case the plaintiff in fi. fa., on whom rested the burden of proof, showed that she had been in possession of the

premises in dispute under a deed for a number of y.ears, though less than seven, that she had sold the premises in dispute to the defendant in fi. fa., retaining title thereto as security for the unpaid purchase-money, that she had reduced the purchase-money debt to judgment, that she had filed and had recorded, for the purpose of levy and sale, a quitclaim deed to the defendant to the premises, and that she had then had the execution issued on such judgment levied upon the premises, she made out a prima facie case requiring a verdict finding the premises subject as against the claimant, who introduced no evidence showing title in himself or right to possession as against the defedant in fi. fa. and his vendor.

4. It is not necessary that a quitclaim deed made for the purpose of levy and sale, under section 6037 of the Civil Code, should be delivered to the debtor. *Denton v. Hannah*, 12 *Ga. App.* 494 (8) (77 S. E. 672).

5. Where the vendor of land executed a quitclaim deed thereto for the purpose of levying the execution which issued upon the judgment against the vendee for the unpaid purchase-money, such deed, filed and recorded before the levy, is not invalid for such purpose, although not recorded until after the death of the vendor.

6. In view of the above rulings it .is unnecessary to decide whether the evidence introduced by the plaintiff was sufficient to show title by prescription in the defendant in fi. fa. or his vendor.

7. The court did not err in directing a verdict in favor of the plaintiff, finding the premises in dispute subject to the execution levied.

8. The court did not err in refusing to dismiss the levy upon the ground that the description in the levy was insufficient to identify the property levied upon, for the reason that the northern boundary is an impossible one, it not being specified how or in what way it is impossible.

*Judgment affirmed. All the Justices concur.*

No. 6965. April 11, 1929. Rehearing denied June 13, 1929.

*W. H. Terrell* and *Krauss & Strong,* for plaintiff in error.
*Bennet, Reese & Bennet* and *F. M. Scarlett,* contra.