## THOMPSON *v.* RANDALL.

No. 8347.   NOVEMBER 10, 1931.

W. O. *Wilson,* for plaintiff in error. *Mayson & Johnson,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) The claim of Randall is based upon the theory that Mrs. Purtell, the common grantor of both the lots involved in this case, in her conveyance to the Trust Company of Georgia, inserted an agreement in her deed that neither she nor her heirs or assigns would ever erect any building on the lot which she at that time reserved, and which later passed by conveyance to A. H. and C. W. Greene and from them to Thompson, the plaintiff in error, nearer to North Avenue than 42 feet from the point where the curb adjoins the roadway. The contention of Randall, as presented in his petition, is that in the original conveyance from Mrs. Purtell to the Trust Company of Georgia, and in all subsequent conveyances, including the deed to defendant, the stipulation to which we have referred has been incorporated, and, as these deeds are of record, that he is entitled to an unobstructed view and such use of light and air as would be interfered with by the construction of Thomp-

son's building, in violation of the restriction imposed upon the lot retained by Mrs. Purtell at the time she executed the deed to the Trust Company of Georgia; that even if the undertaking of Mrs. Purtell can not be construed as a covenant running with the land, it is at least a restriction upon the use of the lot now occupied by Thompson, by which he is bound. Thompson, the plaintiff in error, relies upon the proposition that he, as a purchaser from A. H. and C. W. Greene, who were bona fide purchasers without notice of any restrictions on the lot purchased by them from Mrs. Purtell, and later sold by them to Thompson, is protected in his title; that an examination of the title under which Mrs. Purtell, their grantor, held would not have disclosed that any holders of the land prior to Mrs. Purtell had ever imposed restrictions upon the land purchased by the Greenes in November, 1922, and that in her conveyance to A. H. and C. W. Greene Mrs. Purtell imposed no restrictions of any kind which would affect their rights, as purchasers, to the unrestricted title. The Greenes sold the land to Thompson, and having, subsequently to their purchase from Mrs. Purtell, ascertained the restriction placed by her in her deed to the Trust Company of Georgia and contained in all subsequent conveyances to the lot fronting 45 feet on North Avenue, they admitted their knowledge in the conveyance to Thompson, maintaining that while they thought their title was good, they refused to warrant that the 92-foot lot was free from restrictions. But Thompson insists, even though he himself be not a bona fide purchaser, that inasmuch as his grantors, the Greenes, were bona fide purchasers when they bought, and not subject to the restrictive agreement contained in Mrs. Purtell's deed to the Trust Company of Georgia, their purchase in good faith inures to his benefit, and relieves his lot in any event from the effect of the restrictive agreement.

The Code, § 4531, states the general rule that a court of equity will not lend its aid against a bona fide purchaser. Undoubtedly, under the undisputed evidence in this case, A. H. & C. W. Greene were bona fide purchasers without any knowledge of the restrictions sought to be imposed by Mrs. Purtell in her deed to the Trust Company of Georgia, and of such grantees including Randall. It is well settled that a bona fide purchaser of land without notice of any fraud or defect in the title, even though his vendor is affected

with notice, will be protected. "A title obtained by fraud, though voidable in the vendee, will be protected in a bona fide purchaser without notice. Code [1882], § 2640 [1910, § 4120]. The clause of the code set forth seems to us to settle the matter, but if not satisfactory, see 7 *Ga.* 432; 3 *Kelly,* 446; 55 *Ga.* 497; 57 *Id.* 172; 58 *Id.* 276, in which cases the doctrine in the code is amplified and enforced." *Howard* v. *Selman,* 77 *Ga.* 605; *Ashmore* v. *Whatley,* 99 *Ga.* 150 (24 S. E. 941); *Bennett Lumber Co.* v. *Martin,* 132 *Ga.* 491 (64 S. E. 484). We think the converse of the rule just stated equally applies. A purchaser of land, with notice of outstanding equities or restrictions, from one who was without notice thereof, is entitled to the status of a bona fide purchaser, and he will be protected in his title on account of the bona fides of his vendor, with the exception that a conveyance is not protected when made back to a former owner who had notice of the equity, and who did not originally derive title through a bona fide holder. To use the language of the Civil Code, § 4535: "If one with notice sell to one without notice, the latter is protected; or if one without notice sell to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." As well stated in note to Brown *v.* Sheets, 63 A. L. R. 1357, 1362, 1372 supported by numerous authorities from the Supreme Court of the United States and our own Supreme Court, as well as from nearly all of our sister States: "A purchaser of land, with notice of outstanding equities, from one who was without notice thereof and was entitled to status of bona fide purchaser, will be protected in his title on account of the bona fides of his vendor. This doctrine has been adopted and adhered to both in England and in this country as an indispensable muniment of title. And it is wholly immaterial of what nature the equity is, whether it is a lien, or an encumbrance, or a trust, or any claim; for a bona fide purchaser of an estate, for a valuable consideration, purges away the equity from the estate in the hands of all persons who may derive title to it." This rule is "subject to a notable exception; and that is, a conveyance is not protected when made back to a former owner who had notice of the equity, and who did not originally derive title through a bona fide holder."

It was ruled in *Mays* v. *Redman,* 134 *Ga.* 870 (2) (68 S. E. 738): "If the defendant was a bona fide purchaser for value and

without notice, he would be protected from the equitable owner, even if his grantor had notice of the equitable rights of the plaintiff. Or, if his grantor was a bona fide purchaser for value and without notice, the defendant would be protected even if he himself bought with notice." Under that ruling, if the Greenes were bona fide purchasers, Thompson would be protected even if he himself bought with the notice the Greenes had acquired subsequently to their original purchase from Mrs. Purtell. Furthermore, it is well settled that a purchaser of real estate is not bound by recitals in a deed executed by his grantor to realty not embraced in his purchase, and which therefore does not constitute a muniment in his chain of title. Under this rule Thompson is not bound by any of the recitals in Randall's chain of title, because none of these is a muniment in Thompson's chain of title. In *Ashmore* v. *Whatley,* supra. Mr. Chief Justice Simmons, delivering the opinion of the court, held: "A bona fide purchaser of the absolute title of real estate, who bought without notice of a materialman's lien upon the same, which at the time of the purchase had been neither recorded nor foreclosed, took the property divested of such lien. 1 Jones, Liens, § 1048; *Thornton* v. *Carver,* 80 *Ga.* 400, 401 [6 S. E. 915], and cases cited. . . One who derived title from such innocent purchaser was also protected, although he may have had notice of the lien. This latter proposition is sustained in principle by the decisions of this court in *Stamper* v. *Hayes,* 25 *Ga.* 546; *Douglass* v. *McCrackin,* 52 *Ga.* 596; *Dotterer* v. *Pike,* 60 *Ga.* 29." This ruling was followed by Mr. Justice Beck in *Willingham-Tift Lumber Co.* v. *Barnes,* 147 *Ga.* 209 (3) (93 S. E. 201). In *Hines* v. *Lavant,* 158 *Ga.* 336 (123 S. E. 611), in which Mr. Justice Atkinson delivered the opinion of the court, it was again held: "A purchaser with notice from a purchaser without notice of a prior deed by his grantor will be protected against said deed." The *Hines* case was one in which a sheriff's deed conveying a tract of land was in competition with a prior deed of gift by a father to his minor children; and the court held that the judge was authorized by the evidence to find that Jones purchased the land without notice of the deed to the children and acquired a title superior to theirs. Under the general rule stated, the position of the Greenes, as bona fide purchasers, was not affected by the recitals in the deed to Randall and

his predecessors in title. They were bona fide purchasers, and, as has been often held, this fact purged the deed to Thompson, for the reason that upon any other principle a bona fide purchaser could never himself obtain a purchaser if the rule were otherwise. Furthermore, as appears from the record, the property in regard to which there is a contest appears to have been zoned for business purposes, and the evidence is uncontradicted that this portion of North Avenue has for some time been devoted exclusively to business uses, with the exception of the 45-foot lot purchased by Randall. We are of the opinion that the judge erred in granting an interlocutory injunction.

*Judgment reversed. All the Justices concur.*

ATKINSON, J., concurs in the judgment of reversal, but not in all that is said in the opinion by Mr. Chief Justice Russell. The case, on its facts, seems to be controlled by the principles applied by this court in *Hancock* v. *Gumm,* 151 *Ga.* 667 (107 S. E. 872, 16 A. L. R. 1003), which is binding as a precedent and requires a reversal of the judgment of the trial court.