22296. ALSABROOK *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA *et al.*

SUTTON, J. Where lands were conveyed by a loan deed to an insurance company, which was properly recorded, and thereafter the debtor defaulted in payment of the loan, and suit was brought against him by the insurance company, and judgment was obtained on August 10, 1931, which judgment created a special lien on the lands conveyed by the loan deed, and where the insurance company executed to the debtor a quitclaim deed, reciting that it was made "for the purpose of levy and sale under section 6037 of the Civil Code of Georgia of 1910," which deed was filed and recorded in the county where the land lay on September 1, 1931, and where a fi. fa. was issued on the judgment on August 28, 1931, and levied on the lands on September 5, 1931, and the property was duly advertised for sale by the sheriff and sold by him to the plaintiff in fi. fa., and where there were placed in the hands of the levying officer three fi. fas., which were issued on judgments obtained against the debtor after the record of the loan deed, and where the plaintiff in fi. fa., by petition for a rule against the sheriff, asked that the money in his hands be applied to the satisfaction of its fi. fa., and where the holders of the other three fi. fas., intervened and asked that the sheriff be directed to satisfy their judgments before applying the proceeds of the sale to the satisfaction of the execution of the plaintiff in fi. fa., and this issue was submitted to the court for determination without the intervention of a jury, the court properly directed the sheriff to apply the proceeds of the sale to the satisfaction of the fi. fa. issuing on the judgment obtained in the proceeding to foreclose the loan deed. Civil Code (1910), § 6037; Scott *v.* Paisley, 271 U. S. 632 (46 Sup. Ct. 591).

(*a*) The fact that the quitclaim deed to the debtor was executed by the insurance company before the issuance of the execution would not render the quitclaim deed inoperative. Before the sheriff could levy upon the land as the land of the defendant in fi. fa., the legal title thereto had to be put in the defendant in fi. fa., and the proper way to do this is by executing a quitclaim deed in favor of the defendant in fi. fa. and filing and having the same recorded in the clerk's office of the county where the land lay.

(b) The fact that the quitclaim deed was never delivered to the defendant in fi. fa. would not render it void. Under the above section it is not necessary that the quitclaim deed be delivered to the debtor. *Denton* v. *Hannah*, 12 *Ga. App.* 494 (77 S. E. 672); *Terrell* v. *Gould*, 168 *Ga.* 607 (4) (148 S. E. 515).

(c) The quitclaim deed was not invalid for the reason that no consideration passed to the insurance company from Powell and because the proceedings by which the judgment was obtained were not described therein. This deed states that the "party of the first part, for and in consideration of the sum of" one dollar "in hand paid, the receipt whereof is hereby acknowledged, has bargained, sold, and by these presents does remise, release and forever quitclaim to the said J. F. Powell, party of the second part, for the purpose of levy and sale under section 6037 of the Civil Code of Georgia of 1910;" and this was sufficient to render the same operative and to put the legal title to the lands in Powell for the purpose of levy and sale, when the deed was properly filed and recorded.

(d) The sale was not void because the insurance company should have given notice to the holder of a junior security deed and to the debtor of the sale of the property. The statute does not contemplate this, nor does it require that the holder of the junior security deed be made a party to the proceedings. The property was duly advertised for sale as provided by law. *Roberts* v. *Atlanta Cemetery Association*, 146 *Ga.* 490 (6) (91 S. E. 675).

(e) The sale being proper and legal, the court did not err in holding that the fi. fas. of the intervenors were inferior to that of the insurance company.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., disqualified.*

DECIDED JANUARY 7, 1933. REHEARING DENIED FEBRUARY 15, 1933.

*Davis & Friedin,* for plaintiff in error.
*James H. Brown, J. W. Dennard, A. M. Hitz,* contra.