HUDSON *v.* VARN TURPENTINE & CATTLE CO. *et al.*

No. 8966.   FEBRUARY 22, 1933.

*Morgan & Johnson,* for plaintiff.

*Wilcox, Connell & Wilcox,* for defendants.

RUSSELL, C. J. (After stating the foregoing facts.) This is a case in which the Varn Turpentine & Cattle Co., under the provisions of the land-registration act (Ga. L. 1917, pp. 108 et seq.) filed application for the registration of certain described land, including land lot number 149 in the 13th district of Echols County, and obtained a decree and certificates of title. Thereafter this company sold to Superior Pine Products Co. the land registered. Within the period allowed by section 63 of the act of 1917, Homer Hudson filed a petition to set aside the adjudication of registration in so far as it applied to lot 149. The fraud alleged consisted in the fact that Hudson had received no notice of the proceedings which declared his land to be the property of the applicant in the registration proceedings. It was alleged that his deed to the land had

been of record for more than eight years preceding the filing of the proceeding for registration; that the record itself gave notice of his ownership; and that the application stated that his residence and address were unknown, whereas by the exercise of ordinary diligence the applicant could have ascertained that the petitioner was a resident of Xenia, Ohio, by making inquiry of the tax-receiver and collector of Echols County, to whom he returned his property for taxation and paid the taxes; and that Hudson's deed itself stated his residence, but this deed does not appear upon the abstract of title which was submitted by the applicant in order to comply with the registration law. Superior Pine Products Co. was made a party defendant, upon the ground that this company was not a bona fide purchaser from the Varn Turpentine & Cattle Co., without notice. The question is presented, what facts are required to avoid a decree of registration, and whether the fraud alleged in the case was sufficient for that purpose. Section 27 of the land-registration act, is in these words: "Every decree rendered as herein provided shall bind the land and bar all persons claiming title thereto or interest therein, quiet the title thereto, and shall be forever binding and conclusive upon and against all persons, including the State of Georgia, whether mentioned by name in the order of publication, or included under the general description, 'whom it may concern.' It shall not be an exception to such conclusiveness that the person is an infant, lunatic, or is under any disability, but said person may, in the manner provided, have recourse upon the indemnity fund hereinafter provided for, for any loss he may suffer by reason of being so concluded." It will be noted that the general rule is sweeping and drastic; but in section 63 the exceptions, which are always to be found to general rules, are provided. It is declared: "Every registered owner of any estate or interest in land brought under this act shall, except in cases of fraud or forgery to which he is a party, or to which he is a privy without valuable consideration paid in good faith, hold the land free from any and all adverse claims, rights, or encumbrances not noted on the certificate of title in the title register, except: First. Liens, claims, or rights arising or existing under the laws or constitution of the United States which the statutes of this State can not require to appear of record under registry laws. Second. Taxes and levies assessed thereon for the current calendar year. Third. Any lease for a term not exceed-

ing three years, under which the land is actually occupied. Fourth. Highways in public use, and railroads in actual operation. No proceedings to attack or to set aside any transaction for such fraud or such forgery as is referred to in this section shall be brought or be entertained by any court unless the same shall have been brought within seven years from the date of the transaction or of the registration to which the same relates. Nothing herein shall conflict with the provisions of this act allowing attack for good cause to be made upon a registration made by the clerk at any time within twelve months from the date of such registration."

So we come to the question whether the facts alleged in the petition constitute a fraud so as to have authorized the court to set aside the decree of registration. The petitioner never had knowledge or notice of the proceedings; and that he did not have notice was due to the fact that the Varn Turpentine & Cattle Co. did not avail itself of the constructive notice afforded by the record of his deed, or by inquiry of the tax officers of Echols County ascertain that he was a resident of Xenia, Ohio, so that a notice could have been mailed to him and he could thereby have been advised of the proceedings which involved the ownership of lot 149. The provisions with reference to process, service, notice by publication, and mailing notice, so far as material in this case, are contained in sections 10 and 14 of the land-registration act, which declare: "Sec. 10. Upon such petition being filed in the office of the clerk of the superior court in the county where the land lies, the clerk shall issue a process directed to the sheriffs of this State and their lawful deputies, requiring all of the defendants named in the petition, and all other persons 'whom it may concern,' to show cause before the court, on a named day not less than forty or more than fifty days from the date thereof, why the prayers of the petition should not be granted, and why the court should not proceed to judgment in such cause; and shall make the necessary copies of the petition and process for service. Within thirty days from the time of the issuance of process, a copy of the petition and process shall be served, in like manner as ordinary process is served in ordinary actions at law, upon each party named as defendant in the original petition, if a resident of this State. Second original and copies may issue and be served in like manner as second originals are issued and copies served in ordinary actions. The clerk of the superior court shall also

cause to be inserted in the newspaper in which the advertisements of sheriff's sales in the county are advertised, for four insertions in separate weeks, a notice addressed 'to whom it may concern,' and also to each person named in the petition as a defendant who resides beyond the limits of the State or whose place of residence is unknown, and giving notice of the filing of the petition by the petitioner, and a description of the land which petitioner seeks to register, and warning them to show cause to the contrary, if any they can, before the court on the date named in the process. The judge of the court may grant additional time for service or return of the process, and may provide for services in cases not herein provided for, wherever the exigencies of justice may so require. Wherever the petition discloses, or it otherwise becomes disclosed to the court in the progress of the proceedings, that any non-resident is interested, such non-resident, if his post-office address be known, shall be notified also by the clerk of the court mailing to him a copy of the petition and process by registered mail to the post-office address as the same may be disclosed to the court through the petition or other proceedings in the case. Guardians ad litem shall be appointed for infants and other persons under disability, in like manner as they are appointed in equity cases in the general practice in this State." "Sec. 14. A notice similar to the notice directed to be published, as provided in the tenth section of this act, shall also be delivered by the clerk to the sheriff of the county, or one of this [his] lawful deputies; and the sheriff or his lawful deputy shall, within thirty days from the date the petition is filed, post the same upon the land in some conspicuous place; and if there be more than one tract of land, enough notices shall be furnished by the clerk to the sheriff or his deputies, and he shall post the same upon each tract of land included in the petition. The sheriff shall also, within said thirty days, go upon the land and ascertain and make official return to the court, stating the names of each and every person above the age of fourteen years actually occupying the premsies, together with the post-office addresses of such persons. Upon such return being made, the clerk shall thereupon mail, by registered mail, to each person so upon the land a copy of the petition and process, or, if the petitioner so desires, he may require such persons so upon the land to be served by the sheriff or his deputy. The clerk shall make entry of having mailed the notices unless the sheriff shall have made the service, in

which event the sheriff shall make the return. The notices provided for and to be given under this and other sections of this act shall stand as personal service of process, and shall be conclusive and binding on all persons so notified, and on all the world. Appearances or pleading in the case shall constitute a waiver of process and service, and of notice and of any defect therein."

From a reading of the act as to notice, and an examination of the proceedings under which the decree of registration was rendered, it appears that all the requirements were complied with in this case. The plaintiff contends that Varn Turpentine & Cattle Co. or its attorney should have made inquiry of the tax-receiver and tax-collector, and have ascertained the exact location of his residence. As to this, we think the court properly construed the failure of the applicant for registration in these respects as negligence rather than fraud. The grantor in a deed is bound by the recitals in any of the deeds comprising his chain of title, but he is not bound by recitals which may be contained in the title deeds of an adverse claimant. *Thompson* v. *Randall,* 173 *Ga.* 696 (3) (161 S. E. 377). Fraud can not be based upon constructive notice. There must be actual notice of existent facts, the concealment of which is to be used in the effort to defraud. So we do not think that failure to disclose a fact of which one has no actual notice can constitute fraud merely because he to whom fraud is imputed did not exercise ordinary diligence to discover facts which might have been ascertained thereby. It may be said that a better or different notice or service should be had, but this is a matter for the lawmakers. The maxim, ita scripta lex must control the courts. If the applicant in this case had had an agent in Echols County who would have kept him advised of the publication of the four weeks notice, this would probably have so arrested his attention as to lead to inquiry, and perhaps prevented the bar of the decree of which he now complains. *Beddingfield* v. *Old National Bank & Trust Co.,* 175 *Ga.* 172 (165 S. E. 61).

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*