NIGHTINGALE *v.* JUNIATA COLLEGE *et al.*

No. 12247. JUNE 24, 1938.

*Highsmith & Highsmith,* for plaintiff.

*M. E. Wood,* for defendants.

RUSSELL, Chief Justice. 1. This case having arisen before the passage of the act approved August 27, 1931 (Ga. L. 1931, p. 153), dealing with the effect of a failure to record a deed to secure debt, the rights of the parties are to be determined under the prior law. *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (193 S. E. 770). Before the passage of the act just cited, the law was that "Every such [security] deed shall be recorded in the county where the land conveyed lies. . . Such deeds or bills of sale not recorded remain valid against the persons executing them, but are postponed to all liens created or obtained, or purchases made, prior to the actual record of the deed or bill of sale" (Code of 1910, § 3307); and that such deeds "shall as against the interests of third parties acting in good faith, and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office" (§ 3320).

2. On October 1, 1921, Minchew made to Juniata College a deed to secure debt, which was filed for record at 3 o'clock p. m. on December 6, 1921. On November 30, 1921, the same grantor made to Mrs. Morgan a deed conveying the same property to secure debt, which deed was filed for record at 9 o'clock a. m. on December 6, 1921. On December 23, 1924, Mrs. Morgan duly transferred and assigned to Mrs. Nightingale her deed and the indebtedness thereby secured, receiving from Mrs. Nightingale the full amount of the secured debt. *Held,* that unless at the time Mrs. Nightingale received the transfer she had actual or constructive notice of the deed to Juniata College, her right in and to the property conveyed in the two deeds is unaffected by the prior deed of Minchew to the College.

3. That the security deed from Minchew to Juniata College, dated October 1, 1921, was in fact a mere renewal of a former security deed dated January 29, 1917, recorded February 17, 1917, executed by the same grantor to the same grantee, and conveying the same property, and that it was outstanding and uncanceled on the deed records of the county on the date of the deed from Min-

chew to Mrs. Morgan, did not give constructive notice to Mrs. Nightingale, since the older deed, on the authority of Juniata College, had been marked canceled of record on January 2, 1922.

4. That the Sessions Loan and Trust Company was the loan agent that handled the making of the original loan from the college to Minchew, as well as the renewal loan, that the security deed transferred by Mrs. Morgan to Mrs. Nightingale contained a recital that "It being further known and understood that Sessions Loan & Trust Co. holds a first mortgage on the above-described property for the sum of $2000," that the Sessions Loan & Trust Co. had no such deed, but did have a deed for $57.36, representing a commission due it by Minchew for negotiating the loan, which last-named deed contained the following recital: "This deed is made subject and subordinate to a certain deed made by the party of the first part to Juniata College to secure the payment of the sum of $2500, and dated 29th day of January, 1917, and intended to be recorded herewith," Minchew's security deed to Sessions Loan & Trust Co. having been canceled of record January 6, 1922, did not constitute constructive notice to Mrs. Nightingale of the existence of the deed from Minchew to Juniata College under date of October 1, 1921. The facts do not call for an application of the rule stated in *Thompson* v. *Randall,* 173 *Ga.* 696 (3) (161 S. E. 377), that a purchaser of land is conclusively charged with notice of what is contained in a deed that constitutes one of the muniments of his own title.

5. Irrespective of the question whether, as contended by the defendant in error, the second security deed from Minchew to the college was a mere renewal, and the obligation of the grantor and the rights of the grantee would not be discharged by the entry of cancellation of the first deed, placed on the deed record by authority of the holder of the deed, upon a comparison of equities it must be held that as against the rights of Mrs. Nightingale equity will consider the rights of the college under the first deed extinguished, for the reason that "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss." Code, § 37-113.

6. Under the rulings above made, where the administrator of the estate of Mrs. Nightingale was proceeding to foreclose, as an

equitable mortgage, the security deed executed by Minchew to Mrs. Morgan and by her transferred to his intestate, and while this proceeding was pending Juniata College began advertising the property in question under the power of sale contained in its security deed dated October 1, 1921, and thereafter the administrator filed an equitable petition against Juniata College setting forth the facts which have been stated, and praying that "the deed to secure debt held by said college be adjudged to be inferior to the lien of the deed to secure debt of petitioner's intestate," and that "said college be adjudged to be without power or authority to sell said property under power of sale contained in said deed to secure debt," and that "the respective rights of petitioner and said defendant under said security deeds be adjudicated," the decree entered by the judge, to whom was submitted the entire case for determination without the intervention of a jury, which adjudged that (1) "the lien of Juniata College, under its deed to secure debt, is superior to the lien of the deed to secure debt held by plaintiff; (2) Juniata College is authorized to sell the property in question under the power of sale contained in its deed to secure debt;" (3) "the prayers of plaintiff for injunction be denied, and that the issues between the parties under the pleadings be and they are hereby determined in favor of the defendant," was erroneous.

*Judgment reversed. All the Justices concur.*