CREWS *v.* RUSSELL *et al.*

No. 15223.   SEPTEMBER 8, 1945.

736

738

*W. A. Wood* and *W. C. Parker*, for plaintiff in error.

*Hubert Fields Rawls*, contra.

CANDLER, Justice. ■ This is a statutory suit to recover six acres of land. The attorneys for the plaintiff in error insist that the description under which the plaintiffs sought to recover was too indefinite, and that under the principle announced in *Huntress* v. *Portwood*, 116 *Ga.* 351 (3) (42 S. E. 513), and *Paulk* v. *Perry*, 44 *Ga. App.* 131 (160 S. E. 681), a valid verdict and judgment could not be rendered thereon. Reference to the foregoing statement of facts will disclose that the petition, together with the abstract of title which was duly made a part thereof, fully and completely describes the 250 acres of land claimed to be owned by the plaintiffs, and alleges that the six acres sought to be recovered "are situate in the 250-acre tract." In these circumstances, the sheriff would have no trouble in executing a writ of possession for the reason that he could put the plaintiffs in possession of any part of the 250 acres found to be in the possession of the defendant. *Buffington* v. *Carter*, 199 *Ga.* 811 (2) (35 S. E. 2d, 440).

■ It is insisted that, since the plaintiffs made their abstract of title a part of their petition, it was necessary for them to prove each and every item or link in the abstract, and that, since they introduced only one deed, being the last conveyance referred to in the abstract, they did not make a case which authorized a recovery, because they failed to prove an essential and material allegation of their petition.

There is no merit in this contention. The evidence shows that the plaintiffs were in possession of the 250-acre tract prior to and until November or December, 1920, and that the defendant did not receive the deed under which he claimed the six acres until February 24, 1936.

Evidence of prior possession alone is sufficient to put the defendant on proof that he has a better title than that of the plaintiff. Code, § 33-102; *Moss* v. *Chappell,* 126 *Ga.* 196 (3) (54 S. E. 968, 11 L. R. A. (N. S.) 398); *Jackson* v. *Strickland,* 127 *Ga.* 106 (2) (56 S. E. 107); *Mays* v. *Redman,* 134 *Ga.* 870 (68 S. E. 738); *Terrell* v. *Gould,* 168 *Ga.* 607 (2) (148 S. E. 515).

■ It is also insisted that the description in the deed from John D. Skinner to John F. Gosa, guardian of the plaintiffs, does not necessarily include the six acres sued for, in the northeast corner of land lot 199.

The plaintiff in error does not contend that the description of the 250-acre tract described in the above deed, which was introduced in evidence, was too indefinite to constitute a valid conveyance, but contends merely that it does not necessarily include the six acres sued for.

The plaintiffs alleged that the six acres were situated in land lot 199 in the 250-acre tract owned by them. Mrs. Clara Russell testified that she found the defendant in possession of about six acres of land, which according to the deed relied upon belonged to them. The surveyor testified that the five or six acres were on land lot 199 and not on land lot 216.

The above evidence was sufficient to authorize the jury to find that the six acres in dispute were included in the 250-acre tract of land owned by the plaintiffs.

■ Another insistence is that the plaintiffs were not entitled to recover because the only deed introduced was to their father,

John F. Gosa, as an individual, the words "guardian of Clarence, Clara, and John Leonard Gosa," being simply descriptio personæ. Reasons urged in support of this contention are: 1. The deed recites that the conveyance was made to "said party of the second part, *his* heirs and assigns," and recites that as a part of the consideration the "party of the second part assumes a loan of $800," etc., and in the habendum and tenendum clause uses the language "to the only proper use . . of *him* the said party of the second part, his heirs and assigns. 2. There is nothing in the evidence to show that John F. Gosa was in fact the guardian of the plaintiffs. (3) The plaintiffs relied on being sole heirs of their deceased father, rather than on being beneficiaries in a deed made to their guardian; and since that position, taken before the case was submitted to the jury, was inconsistent with a position that they brought the suit as beneficiaries of a guardianship, they are estopped to claim in any other manner than as heirs at law; (4) The plaintiffs relying as they did on being the sole heirs at law of John F. Gosa, it was necessary under the Code, §§ 113-901, 113-907, to show either that there was no administration of the estate of John F. Gosa, deceased, or that, if there was such administration, the administrator consented to their bringing the action.

The above contention is without merit. It does not appear from the record that any objection was made during the trial or that any question was raised as to whether the plaintiffs were seeking to recover as wards, as alleged in their petition, or whether before the case was submitted to the jury they relied on being sole heirs of their deceased father. On the other hand, the record shows that John F. Gosa, the father and natural guardian of the plaintiffs, died in 1936; also, that the 250 acres of land claimed by them belonged in fee simple to them, his former wards, who have attained their majority and are sui juris.

In the circumstances, it is too late to insist for the first time in the brief of the plaintiff in error that the plaintiffs could not recover because the evidence failed to show either that there was no administration on the estate of John F. Gosa, deceased, or that, if there was such administration, the administrator consented to their bringing the action.

■ Finally, it is insisted that the defendant purchased the land in question from Andrew Hale on February 24, 1936, while the

petition was not filed until August 12, 1943, more than seven years later, and that the defendant's evidence made an undisputed and unchallenged showing of title by prescription in him for more than seven years, and disclosed that Andrew Hale, the defendant's predecessor in title, was in actual possession for more than 20 years.

There being some evidence for the plaintiffs to the effect that the possession of Andrew Hale was permissive, the jury were authorized to find that he had not acquired title by prescription. The defendant testified that he knew Andrew Hale had a deed to only 20 acres, more or less, in land lot 216, bounded on the west by "a creek," but that he did not know whether there were 40 acres or 10. Furthermore, there was some evidence, though conflicting, that a lessee of the plaintiffs, after they had removed from the land in 1920, worked the 250 acres for turpentine purposes. While, as above indicated, the evidence shows that the father of the plaintiffs died in 1936, the year that the defendant took a deed from Andrew Hale, there is no evidence showing that their father left the land along with the plaintiffs in 1920. On this question, Mrs. Clara Russell testified: "My father attended to those things [referring to the turpentine lease] when he lived, and when we moved away we didn't have anything to worry about." The evidence is silent as to the month and day that John F. Gosa died. If he had lived and remained in possession until after August 12, 1936, seven years would not have elapsed between that date and August 12, 1943, when the petition was filed.

In the circumstances, the jury were authorized to find that the defendant knew that his predecessor, Andrew Hale, owned only 20 acres in land lot 216; and that the defendant did not claim in good faith, under his possession, any right to additional land in the adjoining land lot, and therefore did not acquire the six acres in land lot 199 by seven-years' adverse possession. Compare *Watkins* v. *Nugen,* 118 *Ga.* 375 (3) (45 S. E. 260).

Nor is a different result required because of the language in the deed from N. W. Martin to Andrew Hale, the defendant's predecessor in title, which described the 20 acres more or less in land lot 216 as being bounded "west by a creek." The above description does not give the name of the creek on the west, or state what distance it was from the east side of the 20 acres being

conveyed in land lot 216. It should also be noted that the description in the deed conveying 20 acres in land lot 216 to the defendant's predecessor described the land as being bounded on the west by "a creek," while the deed conveying to the defendant the 40 acres in land lots 119 and 216 described the land as being bounded on the west by "Big Creek." The surveyor testified: "There's a branch that runs off from the lot line, starts like a little drain, and runs off into a branch and goes off . . from the lot line, and another little drain goes to the field." Did the language, "a creek," as set forth in the first deed to the defendant's predecessor, refer to the small drain that ran off from the lot line or to the branch mentioned by the surveyor, or to the "Big Creek," referred to in the second deed, or to some creek or branch not mentioned in the evidence? In other words, was the creek referred to in the deed conveying 20 acres the same as the "Big Creek" referred to in the deed conveying 40 acres to the defendant? In the absence of any testimony on this question, coupled with the statement of the defendant that he knew his predecessor had a deed to only 20 acres in land lot 216, this court can not hold as a matter of law that the first deed actually conveyed 40 acres in land lots 199 and 216, instead of, as stated in the deed, 20 acres in land lot 216. To hold otherwise than we do, what would prevent the defendant in turn, from conveying 80 acres more or less in land lots 199, 216, and adjoining lots, and the defendant's grantee from conveying 160 acres more or less and so on, all springing from the deed conveying the 20 acres to the defendant's predecessor?

Nor can this court hold, as contended it should, that the jury were precluded as a matter of law from finding that the defendant knew his predecessor had title to only 20 acres in land lot 216, and consequently were precluded from finding that the defendant did not acquire title by prescription to the additional six acres in land lot 199.

In the above circumstances the evidence did not demand a finding by the jury in favor of the defendant.

█ The evidence supported the verdict for the plaintiffs, and the court did not err in overruling the defendant's motion for new trial.       *Judgment affirmed. All the Justices concur.*